No. 92-151

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

STATE OF MONTANA,

      Plaintiff and Respondent,

-vs-

TIMOTHY MAGUIRE HATFIELD,

      Defendant and Appellant.



FILED

FEB 4 1993

Ed Smith

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Nineteenth Judicial District,
In and for the County of Lincoln,
The Honorable Robert S. Keller, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

      David F. Ness, Attorney at Law, Helena, Montana

      For Respondent:

      Hon. Marc Racicot, Attorney General; John Paulson,
Assistant Attorney General, Helena, Montana
Scott B. Spencer, Lincoln County Attorney, Libby,
Montana

Submitted on Briefs:  November 19, 1992

Decided:  February 4, 1993

Filed:

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

Appellant Timothy Maguire Hatfield appeals his convictions of the felony offenses of criminal sale of dangerous drugs and conspiracy to sell dangerous drugs. We affirm in part, reverse in part and remand for resentencing.

We address the following dispositive issues:

1. Did the District Court err in denying appellant's motion to dismiss Count II of the Information, which charged him with conspiracy to sell dangerous drugs?

2. Did the District Court improperly restrict appellant's cross-examination of the State's chief witness?

3. Did the District Court err in denying appellant's motion for a new trial without holding an evidentiary hearing?

4. Did the District Court err when it sentenced appellant to up to 180 days in jail to be served at the discretion of the supervising probation officer?

On May 29, 1991, Hatfield was charged by Information with one count of criminal sale of dangerous drugs, in violation of § 45-9-101, MCA, and one count of conspiracy to sell dangerous drugs, in violation of § 45-4-102, MCA. The charges against Hatfield arose in the course of an undercover drug investigation conducted by the Lincoln County Sheriff's Department from September 1990 to May 1991. Hal Turner was employed as an undercover agent and was instructed to make purchases of dangerous drugs from anyone who would sell them.

Prior to arraignment on June 10, 1991, Hatfield filed a motion

2

to dismiss the conspiracy count. The District Court denied the motion.

Hatfield's jury trial began on January 29, 1992. The evidence entered by the State and Hatfield presented two markedly different versions of the facts to the jury. At the conclusion of the trial, the jury found Hatfield guilty of both offenses with which he was charged. Hatfield's subsequent pro se motion for a new trial was denied. The District Court sentenced Hatfield to six years at the Montana State Prison for each offense, suspended the entire sentence, and placed him on probation with certain conditions. This appeal followed.

1. Did the District Court err in denying appellant's motion to dismiss Count II of the Information, which charged him with conspiracy to sell dangerous drugs?

Appellant contends that, even viewing the evidence relating to the conspiracy in a light most favorable to the prosecution, the District Court erred as a matter of law in denying his motion to dismiss the conspiracy charge against him. We agree.

We recently addressed the issue of whether a conspiracy can exist between a government agent and only one other person in State v. Shaw (Mont. 1992), ___ P.2d ___, 49 St.Rep. 1012. Relying on cases from three United States Circuit Courts of Appeal, we concluded in Shaw:

> It is well established that: "[t]here is neither a true agreement nor a meeting of the minds when an individual 'conspires' to violate the law with only one other person and that person is a government agent. . . . An individual must conspire with at least one bona fide co-conspirator to meet the formal requirements of a

3

conspiracy."

Id. at 1015 (citations omitted).

Shaw controls here. The charge against Hatfield of conspiracy to sell dangerous drugs in violation of § 45-4-102, MCA, is set forth in Count II of the Information as follows:

> The facts of the offense are that between January 31, 1991 and February 4, 1991, Defendant agreed to sell marijuana to Hal Turner, an undercover agent for the Lincoln County Sheriff's Department, and took $60.00 for payment for the drug. The offense took place in Lincoln County, Montana.

It is clear that only two people were involved in the charged conspiracy: defendant/appellant Hatfield and Turner. The Information itself also includes the fact that Turner was an undercover agent.

Pursuant to Shaw, we conclude as a matter of law that Hatfield did not "conspire" with a bona fide coconspirator and that, as a result, no conspiracy existed. The District Court erred in denying appellant's motion to dismiss the conspiracy charge.

2. Did the District Court improperly restrict appellant's cross-examination of the State's chief witness?

Undercover agent Turner testified at length during the State's case-in-chief as to the occurrences which formed the basis of the charges against Hatfield. During cross-examination of Turner by defense counsel, the following exchange took place:

> Q. And typically, I say you probably have the typical background for an undercover agent, wouldn't you say? You have been in prison?
>
> A. Yes sir.
>
> Q. And --

4

[County Attorney]: Objection, Your Honor. Ask--that is not relevant, move that it be stricken and counsel be told to quit that.

THE COURT: Sustained. And the answer is stricken.

Appellant argues that sustaining this objection prevented any cross-examination to impeach Turner's credibility or to establish his bias, motives and proclivity toward dishonesty. Hatfield contends that this error by the District Court violated his constitutional right to confront the witnesses against him.

The importance of the right to confront and cross-examine under both the Sixth Amendment to the United States Constitution and Article II, Section 24 of the Montana Constitution hardly can be overstated. Indeed, "[c]ross-examination is the principal means by which the believability of a witness and the truth of his testimony are tested." Davis v. Alaska (1974), 415 U.S. 308, 316, 94 S.Ct. 1105, 1110, 39 L.Ed.2d 347, 353. Counsel traditionally are afforded wide latitude in the exercise of this right on behalf of criminal defendants.

The importance of the right to confront and cross-examine, however, does not reconstruct the record before us. That record is devoid of support for appellant's argument that his right to confrontation was violated.

As set forth above, the trial court sustained an objection on relevancy grounds to the question of whether Turner had ever been in prison. Trial counsel did not attempt to establish the relevance of the question; nor did he ask other questions or attempt to elicit any testimony as to matters in Turner's

5

background which might have related to credibility, bias or motive. No other limitations or restrictions on counsel's ability to cross-examine regarding these matters appear of record. Appellant's characterization of the sustaining of one objection as a summary termination of his right to confront and cross-examine is, at best, overzealous.

We note that counsel on appeal includes many pages of "facts" and exhibits not of record regarding Turner's background. We remind counsel that parties on appeal are bound by the record and may not add additional matters in briefs or appendices. State v. Puzio (1979), 182 Mont. 163, 595 P.2d 1163.

We conclude that the District Court did not improperly restrict Hatfield's cross-examination of the State's chief witness.

3. Did the District Court err in denying appellant's motion for a new trial without holding an evidentiary hearing?

Appellant filed a pro se motion for a new trial on a number of different grounds. The District Court heard, and denied, the motion. Appellant argues that he was entitled to an evidentiary hearing to determine whether extraneous sentencing information induced the jury's guilty verdicts.

Citing Rule 606(b), M.R.Evid., and United States v. Vasquez (9th Cir. 1979), 597 F.2d 192, appellant contends that when a party presents evidence that extraneous prejudicial information or outside influence reached the jury, the trial court should hold an evidentiary hearing to determine the precise nature of the extraneous information and whether it could have affected the

verdict. In addition, he relies on United States v. Greer (9th Cir. 1980), 620 F.2d 1383, for the proposition that courts have not been hesitant to reverse when extraneous sentencing information has been interjected into jury deliberations.

Neither Vasquez nor Greer is relevant here. It was undisputed in Vasquez and Greer that extraneous information had reached the jury during deliberations; evidentiary hearings were held after that fact came to the trial court's attention. Thus, the Ninth Circuit did not address the very fundamental issue in the case before us.

The issue here is whether Hatfield presented evidence sufficient to trigger an evidentiary hearing on his motion for a new trial. Our review of the record convinces us that he did not. Hatfield's pro se motion presented the issue in an unintelligible manner. In support of the motion, he offered only his spouse's affidavit recounting a post-trial conversation with juror John Fenison during which, according to Ms. Hatfield, Fenison "implied" that the jurors "were told" Hatfield would receive only probation if convicted. No factual assertions whatsoever were made--either by Ms. Hatfield or via juror affidavit pursuant to Rule 606(b), M.R.Evid.--that extraneous sentencing information actually reached the jury. Moreover, during the hearing on the motion, the District Court made every effort to assist Hatfield in stating his position clearly; the court explained that evidence as to extraneous information or influences on the jury could be used to impugn the verdict, while evidence of jurors' own perceptions or conversations

7

during deliberations could not. Following the explanation, Hatfield did not assert that extraneous sentencing information or other influences reached the jury; nor did he request an evidentiary hearing or pursue the issue further.

Under these circumstances, the District Court did not err in denying Hatfield's motion for a new trial without holding an evidentiary hearing.

4. Did the District Court err when it sentenced appellant to up to 180 days in jail to be served at the discretion of the supervising probation officer?

The District Court sentenced Hatfield to six years in the Montana State Prison for each offense, suspended the sentence, fined him $500 to be paid to the Lincoln County Drug Fund, and imposed various terms and conditions. One of the conditions was that Hatfield serve 30 days in the Lincoln County jail. The condition Hatfield asserts as error states in its entirety:

> Defendant may be required to serve up to an additional one hundred-eighty days in the Lincoln County Detention Facility, at the discretion of the supervising Probation Officer. This jail time is to be used in the event the Defendant fails to comply with any rules imposed by this Court, or by the Probation Department. The Probation Officer has the right to decide the amount of time to be served for any infraction, up to the entire one hundred eighty days. The Defendant shall have the right of appeal of the determination of the Probation Officer that Defendant spend time in jail. If Defendant appeals the Probation Officer's determination the violations alleged by the Probation Officer shall be treated as a violation of probation and handled by a Petition for Revocation.

As a threshold matter, we note that Hatfield did not object to the sentence at the time it was entered and that we generally decline to review matters not objected to at the trial court. We

8

have recognized an exception to this rule requiring preservation of the right to appeal an issue, however, with regard to criminal sentences. We concluded in State v. Lenihan (1979), 184 Mont. 338, 602 P.2d 997, that a criminal sentence may be reviewed on appeal if it is alleged to be illegal or in excess of statutory mandates. It is on this basis that we address the sentencing issue in this case.

We have long held that a district court has no power to impose a sentence in the absence of specific statutory authority. State v. Stone (1909), 40 Mont. 88, 105 P. 89; State v. Openshaw (1977), 172 Mont. 511, 565 P.2d 319. The District Court had clear statutory authority under §§ 46-18-201 and 46-18-202, MCA, to suspend Hatfield's sentence and impose statutorily enumerated conditions and other conditions necessary to attain the objectives of rehabilitation and the protection of society. State v. Rogers (1989), 239 Mont. 327, 779 P.2d 927. Nothing in those statutes or any other statute, however, authorizes the total jail sentence to which appellant was sentenced or the manner in which the additional jail time could be imposed.

Section 46-18-201, MCA, provides that jail time not exceeding 180 days is a reasonable condition during the period of a suspended sentence. Thus, the maximum jail time to which appellant can be sentenced pursuant to that statute is 180 days.

Furthermore, no statute specifically authorizes a district court to delegate sentencing discretion to a probation officer. The only arguable support for that portion of Hatfield's sentence here is § 46-18-202, MCA, which permits a district court to impose

9

conditions it considers necessary for rehabilitation. While we construed that statutory provision broadly in Dahlman v. District Court (1985), 215 Mont. 470, 698 P.2d 423, we decline to expand it to allow delegation of the actual and direct power and discretion to incarcerate for extended periods of time from the court to a probation officer.

We conclude that the District Court erred in imposing a condition that could result in Hatfield being incarcerated for more than 180 days. We further conclude that the District Court erred in sentencing Hatfield to jail time to be served at the discretion of his probation officer.

Affirmed in part, reversed in part and remanded for resentencing.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

10

February 4, 1993

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

David F. Ness
Attorney at Law
80 So. Warren
Helena, MT  59601

Hon. Marc Racicot, Attorney General
John Paulson, Assistant
Justice Bldg.
Helena, MT   59620

Scott B. Spencer
County Attorney
512 California Ave.
Libby, MT  59923

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy