No. 97-306

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 227

STATE OF MONTANA,

Plaintiff/Respondent,

v.

GLENN NELSON,

Defendant/Appellant.

APPEAL FROM: District Court of the Thirteenth Judicial District,

In and for the County of Yellowstone,

The Honorable Robert Holmstrom, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Carrie L. Garber, Deputy Public Defender, Billings, Montana

No

For Respondent:

Dennis Paxinos, Yellowstone County Attorney, Billings, Montana; Joseph P. Mazurek, Attorney General, Jennifer Anders, Assistant Attorney General, Helena, Montana

Submitted on Briefs: August 13, 1998

Decided: September 10, 1998

Filed:

_____

Clerk

Justice James C. Nelson delivered the Opinion of the Court.

**¶1 Glenn Nelson (Nelson) appeals from the April 23, 1997 order of the Thirteenth Judicial District Court, Yellowstone County, revoking his suspended sentence. We reverse and remand for further proceedings and for entry of an order consistent with this opinion.**

## Background

**¶2 On September 18, 1990, Nelson pleaded guilty to the offenses of sexual intercourse without consent, a felony (Count I), sexual assault, a felony (Count II), and unlawful transactions with children, a misdemeanor (Count III), in cause number DC 90-261. He also pleaded guilty to domestic abuse, a felony, in cause number DC 90-101. On December 7, 1990, as to DC 90-261, the District Court sentenced Nelson to thirty years at the Montana State Prison (MSP) with twenty years suspended on Count I; ten years at MSP on Count II; and six months in the county jail on Count III. As to DC 90-101, the court sentenced Nelson to five years at MSP. All sentences in both causes were ordered to run concurrently.**

**¶3 As part of the sentencing order the court required, among other things, that Nelson not be considered for parole until he had successfully completed the sexual offender program at MSP. However, Nelson was never paroled from MSP. Rather, on April 15, 1996, he was discharged from MSP and began the suspended portion of**

his sentence in Hardin, Big Horn County, Montana.

**¶4 On July 1, 1996, the Big Horn County Attorney filed a petition for revocation of Nelson's suspended sentence alleging that Nelson had violated and disregarded the rules and regulations of his probation. In support of his petition, the County Attorney attached and incorporated by reference a "report of violation" from Nelson's probation officer. In relevant part, this report stated:**

> SPECIAL COURT CONDITION #6:
>
> The Defendant shall not be considered for parole until he has successfully completed the sexual offender program at the Montana State Prison.
>
> SPECIAL CONDITION #7:
>
> The Defendant shall, as a condition [sic] from the Montana State Prison enroll and maintain an aftercare program. He shall also continue out-patient treatment for his illness for as long as his mental health professionals or other professionals feel that it is necessary.
>
> On 6-4-96, the Defendant met with Mike Sullivan of South Central Treatment Associates in an effort to enroll in sex offender treatment program. Mr. Sullivan entered into a contract which was signed by the Defendant outlining the conditions set forth for his treatment obligations (see attached).
>
> One of the conditions specified by Mr. Sullivan is that the Defendant be placed on intensive supervision in the Billings area.
>
> On 6-12-96, the Defendant's file was screened by the Intensive Supervision program's screening committee and was denied (see attached).
>
> ADJUSTMENT TO SUPERVISION:
>
> The Defendant failed to enter into and complete A Sex Offender program, due to his supervision denial by the Intensive Supervision program in Billings, Mt.

According to the referenced attachment to the probation officer's report, Nelson was denied admission to the Intensive Supervision Program (ISP) because his residence was

not approved by the ISP screening process.

**¶5 On July 22, 1996, the Yellowstone County Attorney filed an amended petition for revocation, along with an amended affidavit in support of the petition, alleging that:**

> Since on or before the 4th day of June, 1996, the defendant has failed to enroll in an aftercare program, failed to participate in outpatient treatment and failed to participate in sex offender treatment program.

**¶6 On August 2, 1996, Nelson appeared with court-appointed counsel from the Yellowstone County Public Defenders' Office. Nelson admitted that the facts alleged in the petition for revocation were true but asserted that these facts did not constitute grounds for a revocation of his suspended sentence. The State requested an evidentiary hearing and counsel discussed the necessity for submitting briefs in support of their respective positions in advance of the hearing. Accordingly, on August 6, 1996, the trial court ordered the parties to submit legal memoranda supporting their respective positions concerning whether the facts admitted to by Nelson constituted grounds for revocation of his suspended sentence. Briefs were submitted, and on October 4, 1996, the District Court entered an order denying the State's petition for revocation.**

**¶7 In pertinent part, the court's order provides as follows:**

> IT IS HEREBY ORDERED that the Petition for Revocation of the Order Suspending Sentence dated the 7th day of December, 1990, be denied upon the following additional conditions:
>
> 1. The defendant shall participate in, successfully complete and abide by the rules of the Intensive Supervision Program (I.S.P.), follow the contract provisions of all three phases, including independent living situation. Defendant understands that any violation of the program rules and contract can result in revocation of the suspended sentence and the defendant will face the original sentence in prison.
>
> 2. The defendant shall have no alone-contact with minor children unless a responsible adult is present, one fully aware of defendant's offending pattern.

IT IS FURTHER ORDERED that the said GLENN NELSON be, and he is hereby notified that it is his duty to register as a Sex Offender as required by §46-18-254 and § 46-23-501 through 46-23-508, Montana Codes Annotated.

In all other respects, the previous Orders, conditions and reasons of this Court stated on the 7th day of December 1990, shall remain unchanged and are reimposed and shall continue as if set forth herein, all under the authority of this Court and defendant's Supervision Officer.

**¶8 At some point following the State's filing of its petition for revocation, but prior to the court's October 4, 1996 order denying the petition, Nelson began residing at the Rescue Mission, a homeless shelter in Billings. Since this residence was apparently acceptable to the program's screeners, Nelson was placed in ISP.**

**¶9 He was not yet out of the woods, however. On October 11, 1996, the Yellowstone County Attorney's Office filed another petition for revocation of Nelson's suspended sentence based on an allegation that**

on or about the 3rd day of October, 1996, the defendant while residing at the Mission kissed a minor girl; therefore has been terminated from the New Life Program and sex offender treatment with South Central Treatment Associates.

This petition, likewise, incorporated the probation officer's report of violation.

**¶10 A hearing on the County Attorney's petition was held on April 14, 1997, and on April 23, 1997, the court entered its order revoking Nelson's suspended sentence. The court found that Nelson had violated the terms and conditions of his suspended sentence by violating the court's October 4, 1996 order, condition number 2, that "[t]he defendant . . . have no alone-contact with minor children unless a responsible adult is present, one fully aware of defendant's offending pattern," and State's special condition number 2, that Nelson "participate in sexual offender counseling on a regular basis as determined by [the] Intensive Supervision Officer [and] . . . have no contact with minor children." As a result of these findings the court committed Nelson to MSP for the balance of the time previously suspended. This appeal followed.**

## Issues

¶11 Nelson presents three issues for our review:

¶12 1. Whether the District Court erred when, having denied the State's petition to revoke Nelson's suspended sentence, it added new conditions to the original suspended sentence.

¶13 2. Whether the Department of Corrections can unilaterally and without leave of court require sex-offender treatment as a new condition of the suspended portion of a probationer's sentence.

¶14 3. Whether a licensed therapist who provides therapy to a probationer can require that probationer be imprisoned or otherwise restrained of liberty during the course of therapy.

¶15 Because our decision as to Issue 1 is dispositive, we decline to address Issues 2 and 3.

## Standard of Review

¶16 Typically, we review a district court's decision to revoke a suspended sentence to determine whether the court abused its discretion and whether the court's decision was supported by a preponderance of the evidence in favor of the state. *See, e.g., State v. Lindeman* (1997), 285 Mont. 292, 302, 948 P.2d 221, 228 (citations omitted). Where, however, the issue is whether the court followed the statutory requirements applicable to the revocation proceedings, the question is one of law over which our review is plenary. We decide the case at bar under this latter standard.

## Discussion

¶17 Whether the District Court erred when, having denied the State's petition to revoke Nelson's suspended sentence, it added new conditions to the original suspended sentence.

¶18 Nelson argues that, having denied the State's July 1, 1996 (amended July 22, 1996) petition to revoke his suspended sentence, the District Court imposed the new probation conditions set forth in its October 4, 1996 order in violation of § 46-18-203, MCA (1995). The State responds that the court substantially complied with this

statute when it imposed the added conditions of probation and that these conditions properly served as the basis for the revocation of Nelson's suspended sentence. We disagree with the State and agree with Nelson.

¶19 Section 46-18-203, MCA (1995), sets out the statutory law governing the revocation of a suspended or deferred sentence. In relevant part, this statute provides:

> (7) *If the court finds that the defendant has violated the terms and conditions of the suspended . . . sentence*, the court may
>
> (b) continue the suspended sentence with modified or additional terms and conditions. [Emphasis added.]

¶20 In the construction of a statute, we are simply to ascertain and declare what is in terms or in substance contained therein, neither inserting what has been omitted nor omitting what has been inserted. Section 1-2-101, MCA. Applying this oft-cited black letter law to the statute at issue here, it is clear that the plain language of § 46-18-203 (7)(b), MCA (1995), requires that the trial court find the defendant violated the terms and conditions of the suspended sentence as a predicate to exercising its authority to continue the suspended sentence with modified or additional terms and conditions.

¶21 In the case *sub judice* it is undisputed that the District Court's October 4, 1996 order contains no express finding that Nelson violated the terms and conditions of his suspended sentence. Nevertheless, the State argues that such a finding was implicit in the court's order. We cannot agree.

¶22 In the first revocation proceedings, Nelson contested the State's argument that his admitted failure to enroll in and complete the sex-offender treatment program while on probation constituted a violation of the terms of his suspended sentence. In this regard, the record supports Nelson's position. Although Nelson attempted to enroll in the sex-offender treatment program, the therapist refused to admit him unless he was a participant in ISP. However, ISP would not accept Nelson because it determined that his place of residence was unacceptable. Under these circumstances, it is more likely that the court agreed with Nelson --i.e., that his technical failure to enroll in sex-offender treatment did not constitute an actual violation of the terms

and conditions of his suspended sentence because his inability to enroll in the sex-offender treatment program was not for any lack of a good faith attempt to do so on his part. Rather, impediments imposed by the therapist and the State prevented his enrollment. Once the State found him a new place to live, he was accepted into ISP and thereafter into the sex-offender treatment program.

¶23 If the court had concluded that Nelson had, in actuality, violated his suspended sentence, then the court would have granted the State's petition. In point of fact, the court *denied* the State's petition. On this record, we are unwilling to make the leap of logic necessary to conclude, as does the State, that in denying its petition to revoke, the court was also finding that Nelson was in violation of the terms and conditions of his suspended sentence. If we are to surmise anything from this, it is that the court found no actual violation.

¶24 That brings us to the trial court's October 4, 1996 order. It is well-established that a district court's authority to impose sentences in criminal cases is defined and constrained by statute. *State v. Wilson* (1996), 279 Mont. 34, 37, 926 P.2d 712, 714. Moreover, "a district court has no power to impose a sentence in the absence of specific statutory authority." *State v. Hatfield* (1993), 256 Mont. 340, 346, 846 P.2d 1025, 1029 (citations omitted); *Wilson*, 279 Mont. at 37, 926 P.2d at 714. Here, having failed to make the statutorily required predicate finding that Nelson violated the terms and conditions of his suspended sentence, the trial court was without authority to continue his suspended sentence with modified or additional terms and conditions. Section 46-18-203(7)(b), MCA (1995).

¶25 Importantly, it was Nelson's violation of one of these conditions added in the court's October 4, 1996, order--i.e., that Nelson "have no alone-contact with minor children unless a responsible adult is present, one fully aware of defendant's offending pattern"--that provided the basis for the State's October 11, 1996 petition to revoke and, ultimately, the District Court's determination that the violation of this added condition necessitated revoking Nelson's suspended sentence. (Nelson was participating in a sex-offender treatment program at the time the State's October 11, 1996 petition was filed, so he was not in violation of that condition of the court's original suspended sentence.)

¶26 In short, since the court was without authority to impose any modified or added condition on Nelson's probation (having denied the State's July 22, 1996 amended

petition to revoke) the court was, likewise, without authority to revoke Nelson's suspended sentence for violation of this condition.

¶27 Under the circumstances, the District Court's April 23, 1997 order revoking Nelson's suspended sentence and its Judgment and Commitment of the same date must be vacated and Nelson must be restored to his probationary status under the terms and conditions imposed by the court in its December 7, 1990 order suspending sentence.

¶28 Reversed and remanded for further proceedings and for entry of an order consistent with this opinion.

/S/ JAMES C. NELSON

We Concur:

/S/ WILLIAM E. HUNT, SR.

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER