No. 02-415

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 45

STATE OF MONTANA,

        Plaintiff and Respondent,

   v.

DENNIS F. MICKLON,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Nineteenth Judicial District,
In and for the County of Lincoln, Cause No. DC 02-10
The Honorable Michael C. Prezeau, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

        Scott Spencer, Attorney at Law, Libby, Montana

        For Respondent:

        Hon. Mike McGrath, Attorney General; Mark W. Mattioli,
Assistant Attorney General, Helena, Montana

        Bernie Cassidy, County Attorney; Robert Slomski,
Deputy County Attorney, Libby, Montana

Submitted on Briefs: January 3, 2003

Decided: March 13, 2003

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1     Dennis F. Micklon (Micklon) appeals from the judgment entered by the Nineteenth Judicial District Court, Lincoln County, on his conviction and sentence for criminal possession of dangerous drugs with intent to distribute. We affirm.

¶2     The issue raised by Micklon is whether the District Court erred in ordering that interest accrue on the unpaid portion of Micklon's fine.

BACKGROUND

¶3     In February of 2002, the State of Montana (State) charged Micklon by information with felony criminal possession of dangerous drugs with intent to distribute, felony criminal possession of dangerous drugs, misdemeanor criminal possession of drug paraphernalia and four counts of felony use or possession of property subject to criminal forfeiture. The parties subsequently entered into a plea agreement in which Micklon agreed to plead guilty to the offense of felony criminal possession of dangerous drugs with intent to distribute. In turn, the State agreed to dismiss the remaining counts of the information and recommend the District Court impose a 10-year suspended sentence. The plea agreement also provided, *inter alia*, that Micklon would pay a fine and surcharge totaling $55,000.

¶4     The parties appeared before the District Court and Micklon entered his guilty plea in conformity with the plea agreement. The court accepted the plea and agreed with the State's recommendation of a 10-year suspended sentence with the $55,000 fine and surcharge. The State requested that Micklon be required to pay the entire $55,000 within one year from the sentencing date. Micklon requested he be allowed to pay the money in annual installments

of $11,000. After hearing testimony regarding Micklon's financial status, the District Court agreed to allow him to pay the $55,000 in five annual installments. As an additional condition of the sentence, however, the court ordered that interest accrue on the balance of the fine at a rate of ten percent per year. The court sentenced Micklon accordingly and entered judgment on the conviction and sentence. Micklon appeals.

## STANDARD OF REVIEW

¶5 We review a sentence imposed in a criminal case for legality only, confining our review to whether the sentence is within the parameters set by statute. State v. Benoit, 2002 MT 166, ¶ 18, 310 Mont. 449, ¶ 18, 51 P.3d 495, ¶ 18.

## DISCUSSION

¶6 Did the District Court err in ordering that interest accrue on the unpaid portion of Micklon's fine?

¶7 Micklon contends that the condition of his sentence requiring that interest accrue on the unpaid balance of his fine is illegal because no statutory authority exists for such a condition. The State responds that Micklon waived his right to appeal the issue of whether the District Court could require that interest accrue on his fine because he failed to object to this condition at the time he was sentenced.

¶8 Generally, we will not review issues where the defendant failed to make a contemporaneous objection to the alleged error in the trial court. State v. Brister, 2002 MT 13, ¶ 15, 308 Mont. 154, ¶ 15, 41 P.3d 314, ¶ 15. As Micklon correctly points out, however, we have created an exception to this general rule. Where a defendant alleges that a sentence is illegal or exceeds statutory parameters, we will review the sentence notwithstanding the

3

defendant's failure to object at the time of sentencing. See, e.g., State v. Lenihan (1979), 184 Mont. 338, 343, 602 P.2d 997, 1000; Brister, ¶ 16; State v. Muhammad, 2002 MT 47, ¶ 23, 309 Mont. 1, ¶ 23, 43 P.3d 318, ¶ 23. Micklon asserts, based on this authority, that he did not waive his right to raise this issue on appeal by his failure to object to the interest condition at the time he was sentenced. We disagree.

¶9 Part of the rationale behind the above-stated exception to the general rule requiring an objection is that, as a practical matter, "a defendant often times must remain silent even in the face of invalid conditions" to guard against the possibility that the sentencing court may forego a more lenient sentence if the defendant objects to one of the conditions. Lenihan, 184 Mont. at 343, 602 P.2d at 1000. In the present case, however, Micklon did not simply remain silent.

¶10 Following Micklon's testimony regarding his financial status at the sentencing hearing, the District Court asked for his thoughts about having interest accrue on the unpaid balance of his fine as an incentive to pay the fine in a shorter time period. Micklon responded that, although it might create a greater financial burden on him, paying interest would be acceptable to him. Thus, Micklon did not merely remain silent. He affirmatively agreed to the inclusion of the interest condition in his sentence. "We will not put a district court in error for an action in which the appealing party acquiesced or actively participated." State v. Harris, 1999 MT 115, ¶ 32, 294 Mont. 397, ¶ 32, 983 P.2d 881, ¶ 32.

4

¶11    We conclude that Micklon waived his right to appeal this issue.  As a result, we hold

that the District Court did not err in ordering that interest accrue on the unpaid portion of

Micklon's fines.

¶12    Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ PATRICIA COTTER
/S/ JIM REGNIER
/S/ JIM RICE

Justice James C. Nelson dissents.

¶13    While implicitly acknowledging that the interest requirement is an illegal sentence, we then go on to conclude that Micklon waived his right to appeal this illegal portion of his sentence because he affirmatively agreed to the interest requirement at the sentencing hearing.  Our Opinion completely misses the mark and ignores settled law.

¶14    First, as the majority correctly notes, our standard of review requires that we examine the sentence for legality only--that is, we must determine whether the sentence is within the parameters of the statute.

¶15    We have long adhered to the rule that trial courts are without authority to impose sentencing conditions in the absence of specific statutory authority.  As we recently stated in *State v. Ringewold*, 2001 MT 185, ¶ 21, 306 Mont. 229, ¶ 21, 32 P.3d 729, ¶ 21:

> It is well established that a district court's authority to impose sentences in criminal cases is defined and constrained by statute.  *State v. Wilson* (1996), 279 Mont. 34, 37, 926 P.2d 712, 714.  Moreover, a district court has no power to impose a sentence in the absence of specific statutory authority.  *State v. Hatfield* (1993), 256 Mont. 340, 346, 846 P.2d 1025, 1029.

*Accord State v. Nelson,* 1998 MT 227, ¶ 24, 291 Mont. 15, ¶ 24, 966 P.2d 133, ¶ 24; *State v. Lenihan* (1979), 184 Mont. 338, 342-43, 602 P.2d 997, 1000.

¶16    Here, the court's imposition of interest on the defendant's fine and surcharge is not within the parameters of the controlling statutes as neither § 46-18-231, MCA, nor § 46-18-234, MCA, authorize the sentencing court to impose interest on a fine or unpaid installments of a fine.  Therefore, if we were to adhere to the legal principles summarized in *Ringewold* and  the standard of review which we have articulated, we must conclude that the interest requirement in Micklon's sentence is illegal.

6

¶17    Taking that conclusion to its next logical step, it follows that a sentence imposed in

excess of the court's power is void.  We stated in *State v. Yorek*, 2002 MT 74, ¶ 15, 309

Mont. 238, ¶ 15, 45 P.3d 872, ¶ 15:

> The question of whether a district court possesses the authority to impose a sentence is a jurisdictional issue.  *[State v.] Moorman,* 279 Mont. [330,] 336, 928 P.2d [145,]149 (court lacks subject matter jurisdiction to impose a sentence without statutory authority, and a sentence imposed in absence of subject matter jurisdiction is void).  It is well-established that a district court's authority to impose sentences in criminal cases is defined and constrained by statute.  *State v. Nelson*, 1998 MT 227, ¶ 24, 291 Mont. 15, ¶ 24, 966 P.2d 133, ¶ 24 (citation omitted).  Moreover, "a district court has no power to impose a sentence in the absence of specific statutory authority." *Nelson*, ¶ 24 (citing *State v. Hatfield* (1993), 256 Mont. 340, 346, 846 P.2d 1025, 1029;  and  *State v. Wilson* [(1996)], 279 Mont. 34, 37, 926 P.2d 712, 714).

¶18    We also observed in *State v. Swoboda* (1996), 276 Mont. 479, 482, 918 P.2d 296,

298, that

> an appellate court may review any sentence imposed in a criminal case, if it is alleged that such sentence is *illegal or exceeds statutory mandates*, even if no objection is made at the time of sentencing.  *Hatfield*, [256 Mont. at 346,] 846 P.2d at 1029; *Lenihan*, [184 Mont. at 342-43,] 602 P.2d at 1000.
>     Both *Hatfield* and *Lenihan* involved situations where the judgment was void due to lack of statutory authority.  In *Hatfield* and *Lenihan*, the district courts' sentences were illegal or in excess of statutory authority because the courts lacked the specific statutory authority to impose the sentence.  *See [State v.] Nelson* [(1995), 274 Mont. 11, 19,] 906 P.2d [663,]668. [Emphasis in original.]

¶19    If a sentence is void, then it also follows that the sentence is of no legal effect;  it is

null.  *See* Black's Law Dictionary 1568 (7th ed. 1999).  While not a criminal case, we

nonetheless recognized the principle that when a court acts in excess of its jurisdiction in

entering a judgment, then the judgment so rendered is void and "unenforceable" and "invalid

and ineffectual for any purpose." *In re Hoffmann's Estate* (1957), 132 Mont. 387, 395, 318 P.2d 230, 236.

¶20    That is precisely where the court's imposition of interest on Micklon's fine and surcharge ends up.  The interest requirement is void, "unenforceable" and "invalid and ineffectual for any purpose."

¶21    Furthermore, since the trial court did not have jurisdiction to impose the interest requirement of the sentence, the fact that Micklon acquiesced in the court's illegal exercise of its authority is of no consequence.  It is fundamental that a party cannot consent to subject matter jurisdiction which is lacking or waive the want of jurisdiction.  *State v. Akers* (1938), 106 Mont. 43, 57, 74 P.2d 1138, 1145;  *State v. Hegeman* (1991), 248 Mont. 49, 52, 808 P.2d 509, 511;  *State v. Tweedy* (1996), 277 Mont. 313, 315, 922 P.2d 1134, 1135. Moreover, *State v. Harris* 1999, MT 115, 294 Mont. 397, 983 P.2d 881, cited as authority for the majority's waiver rationale, is inapposite as that case did not involve an issue of an illegal sentencing condition being imposed on the defendant.

¶22    I would order the trial court to vacate the interest requirement of Micklon's sentence and  enter a new judgment and sentence consistent with that order.  I dissent from our failure to do so.

/S/ JAMES C. NELSON

Justice Terry N. Trieweiler joins in the foregoing dissent.

8

/S/ TERRY N. TRIEWEILER


Justice W. William Leaphart dissenting.


¶23    I agree with the reasoning set forth in Justice Nelson's dissent.  However, I would remand for resentencing rather than just vacating the interest requirement.  The sentencing court should have the opportunity to review the various components of the sentence in context so that it can determine whether the final sentence, as a whole, is what the court intended.


/S/ W. WILLIAM LEAPHART