JUSTICE NELSON
dissents.
¶13 While implicitly acknowledging that the interest requirement is an illegal sentence, we then go on to conclude that Micklon waived his right to appeal this illegal portion of his sentence because he affirmatively agreed to the interest requirement at the sentencing hearing. Our Opinion completely misses the mark and ignores settled law.
¶14 First, as the majority correctly notes, our standard of review requires that we examine the sentence for legality only-that is, we must determine whether the sentence is within the parameters of the statute.
¶15 We have long adhered to the rule that trial courts are without authority to impose sentencing conditions in the absence of specific statutory authority. As we recently stated in State v. Ringewold, 2001 MT 185, ¶ 21, 306 Mont. 229, ¶ 21, 32 P.3d 729, ¶ 21:
It is well established that a district court’s authority to impose sentences in criminal cases is defined and constrained by statute. State v. Wilson (1996), 279 Mont. 34, 37, 926 P.2d 712, 714. Moreover, a district court has no power to impose a sentence in the absence of specific statutory authority. State v. Hatfield (1993), 256 Mont. 340, 346, 846 P.2d 1025, 1029.
Accord State v. Nelson, 1998 MT 227, ¶ 24, 291 Mont. 15, ¶ 24, 966 P.2d 133, ¶ 24; State v. Lenihan (1979), 184 Mont. 338, 342-43, 602 P.2d 997, 1000.
¶16 Here, the court’s imposition of interest on the defendant’s fine and surcharge is not within the parameters of the controlling statutes as neither § 46-18-231, MCA, nor § 46-18-234, MCA, authorize the sentencing court to impose interest on a fine or unpaid installments of a fine. Therefore, if we were to adhere to the legal principles summarized in Ringewold and the standard of review which we have articulated, we must conclude that the interest requirement in Micklon’s sentence is illegal.
¶17 Taking that conclusion to its next logical step, it follows that a sentence imposed in excess of the court’s power is void. We stated in *295 State v. Yorek, 2002 MT 74, ¶ 15, 309 Mont. 238, ¶ 15, 45 P.3d 872, ¶ 15:
The question of whether a district court possesses the authority to impose a sentence is a jurisdictional issue. [State v.] Moorman, 279 Mont. [330,] 336, 928 P.2d [145,]149 (court lacks subject matter jurisdiction to impose a sentence without statutory authority, and a sentence imposed in absence of subject matter jurisdiction is void). It is well-established that a district court’s authority to impose sentences in criminal cases is defined and constrained by statute. State v. Nelson, 1998 MT 227, ¶ 24, 291 Mont. 15, ¶ 24, 966 P.2d 133, ¶ 24 (citation omitted). Moreover, “a district court has no power to impose a sentence in the absence of specific statutory authority.” Nelson, ¶ 24 (citing State v. Hatfield (1993), 256 Mont. 340, 346, 846 P.2d 1025, 1029; and State v. Wilson [(1996)], 279 Mont. 34, 37, 926 P.2d 712, 714).
¶18 We also observed in State v. Swoboda (1996), 276 Mont. 479, 482, 918 P.2d 296, 298, that
an appellate court may review any sentence imposed in a criminal case, if it is alleged that such sentence is illegal or exceeds statutory mandates, even if no objection is made at the time of sentencing. Hatfield, [256 Mont. at 346,] 846 P.2d at 1029; Lenihan, [184 Mont. at 342-43,] 602 P.2d at 1000.
Both Hatfield and Lenihan involved situations where the judgment was void due to lack of statutory authority. In Hatfield and Lenihan, the district courts’ sentences were illegal or in excess of statutory authority because the courts lacked the specific statutory authority to impose the sentence. See [State v.] Nelson [(1995), 274 Mont. 11, 19,] 906 P.2d [663,]668. [Emphasis in original.]
¶19 If a sentence is void, then it also follows that the sentence is of no legal effect; it is null. See Black’s Law Dictionary 1568 (7th ed. 1999). While not a criminal case, we nonetheless recognized the principle that when a court acts in excess of its jurisdiction in entering a judgment, then the judgment so rendered is void and “unenforceable” and “invalid and ineffectual for any purpose.” In re Hoffmann’s Estate (1957), 132 Mont. 387, 395, 318 P.2d 230, 236.
¶20 That is precisely where the court’s imposition of interest on Micklon’s fine and surcharge ends up. The interest requirement is void, “unenforceable” and “invalid and ineffectual for any purpose.”
¶21 Furthermore, since the trial court did not have jurisdiction to impose the interest requirement of the sentence, the fact that Micklon *296 acquiesced in the court’s illegal exercise of its authority is of no consequence. It is fundamental that a party cannot consent to subject matter jurisdiction which is lacking or waive the want of jurisdiction. State v. Akers (1938), 106 Mont. 43, 57, 74 P.2d 1138, 1145; State v. Hegeman (1991), 248 Mont. 49, 52, 808 P.2d 509, 511; State v. Tweedy (1996), 277 Mont. 313, 315, 922 P.2d 1134, 1135. Moreover, State v. Harris, 1999 MT 115, 294 Mont. 397, 983 P.2d 881, cited as authority for the majority’s waiver rationale, is inapposite as that case did not involve an issue of an illegal sentencing condition being imposed on the defendant.
¶22 I would order the trial court to vacate the interest requirement of Micklon’s sentence and enter a new judgment and sentence consistent with that order. I dissent from our failure to do so.
JUSTICE TRIEWEILER joins in the foregoing dissent.