No. DA 06-0717

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 174N

STATE OF MONTANA,

Plaintiff and Respondent,

v.

CHRISTOPHER LEE CANAL,

Defendant and Appellant.

APPEAL FROM:     The District Court of the Eighth Judicial District,
                 In and For the County of Cascade, Cause No. CDC 2003-346,
                 Honorable Kenneth R. Neill, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                 Jim Wheelis, Chief Appellate Defender, Roberta R. Zenker,
                 Assistant Appellate Defender, Helena, Montana

        For Respondent:

                 Hon. Mike McGrath, Montana Attorney General, Jonathan M. Krauss,
                 Assistant Attorney General, Helena, Montana

                 Brant S. Light, Cascade County Attorney, Susan Weber, Chief Deputy
                 County Attorney, Great Falls, Montana

                                          Submitted on Briefs:  June 26, 2007

                                                 Decided:  July 17, 2007

Filed:

        _____
                          Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. Its case title, the Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Christopher Canal ("Canal") appeals from an order of the District Court for the Eighth Judicial District, Cascade County, revoking the suspended sentence previously given to Canal for the offense of sexual assault. Canal contends that the court's decision to revoke was not supported by the evidence in the record. Further, Canal argues that after the court revoked his suspended sentence, the court imposed an illegal sentence that does not comport with correctional and sentencing guidelines.

¶3 On May 21, 2004, Canal pled guilty to one count of felony sexual assault. The District Court sentenced him to ten years with eight years suspended. Canal's sentence was subject to thirty-one conditions. Canal served two years at Montana State Prison and was discharged to the suspended portion of his sentence on May 25, 2006. Canal apparently was unable to comply fully with the conditions of his suspended sentence. For instance, he had difficulty finding acceptable housing and was unable to maintain employment. On June 8, 2006, his probation officer held an intervention hearing to address Canal's failure to report to and inform his probation officer of changes in his residence. Additionally, on July 13, 2006, Canal pled guilty to a partner or family member assault. Later that same day, Canal's probation officer submitted a violation

report which alleged that Canal had violated multiple conditions of his suspended sentence, as follows:

> Montana State Rule #1 – Residence
> Montana State Rule #4 – Employment and/or Program
> Montana State Rule #5 – Reporting
> Montana State Rule #12 – Laws & Conduct
> Special Condition 4 – Counseling/Treatment/Programming
> Special Condition 9 – No Casinos/No Gambling
> Court-Ordered Condition #14 – No Contact with Under Age Individuals

Subsequently, on July 17, 2006, the County Attorney filed a Petition for Revocation of Suspended Sentence.

¶4 On August 22, 2006, the District Court held an evidentiary hearing. The court found, by a preponderance of the evidence, that Canal had violated the conditions of his suspended sentence. Therefore, the court revoked Canal's eight-year suspended sentence and sentenced Canal to eight years with three years suspended.

¶5 On appeal, Canal argues that the District Court abused its discretion when it revoked his suspended sentence because the court's decision was not supported by the evidence in the record. In particular, Canal argues that his probation officer obtained information regarding Canal's supposed violations of the conditions of his suspended sentence from his "jilted and jealous former girlfriends, who had a motive to lie." Therefore, Canal maintains, the District Court based its decision to revoke his suspended sentenced on the "unsupported hearsay testimony of the probation officer, over the testimony of persons [Canal's friend and his former girlfriend] with first hand observations." In addition, Canal contends that the District Court imposed an illegal sentence after revoking his suspended sentence because the court did not consider certain

3

correctional and sentencing policies and make findings as required by § 46-18-101(2), MCA (2003).

¶6 In response, the State argues that, even if there was insufficient evidence in the record to support the District Court's finding that Canal failed to comply with certain conditions of his suspended sentence, Canal nonetheless admitted that he violated two conditions. First, Canal admitted that he failed to tell his probation officer that he had moved out of his residence, and second, he pled guilty to partner or family member assault. According to the State, these two admissions support the revocation of Canal's suspended sentence. Further, with respect to Canal's argument concerning an illegal sentence, the State maintains that § 46-18-101(2), MCA, does not apply in this case. The State argues that the District Court revoked a suspended sentence already in place and did not impose an original sentence following a conviction. Therefore, according to the State, the sentencing statute does not apply.

¶7 We generally review a district court's decision to revoke a suspended sentence to determine whether the court abused its discretion and whether the court's decision was supported by a preponderance of the evidence. *State v. Nelson*, 1998 MT 227, ¶ 16, 291 Mont. 15, ¶ 16, 966 P.2d 133, ¶ 16 (citing *State v. Lindeman*, 285 Mont. 292, 302, 948 P.2d 221, 228 (1997)). Additionally, where "the issue is whether the court followed the statutory requirements applicable to the revocation proceedings, the question is one of law over which our review is plenary." *Nelson*, ¶ 16.

¶8 Section 46-18-203(7)(a)(iii), MCA (2005), provides that if the judge finds that the offender has violated the terms and conditions of the suspended sentence, the judge may

4

"revoke the suspension of sentence and require the offender to serve either the sentence imposed or any sentence that could have been imposed that does not include a longer imprisonment or commitment term than the original sentence." Here, Canal admitted that he had violated two conditions of his suspended sentence. Based on our review of the record, therefore, we conclude that the revocation of Canal's suspended sentence was supported by a preponderance of the evidence and that the District Court did not abuse its discretion in revoking his suspended sentence.

¶9    Further, we agree with the State that § 46-18-101(2), MCA, does not apply in this case. The District Court revoked Canal's suspended sentence; it did not impose a new or original sentence following a conviction. Therefore, the District Court was not required to consider the sentencing and correctional policies set forth in § 46-18-101(2), MCA, or make findings regarding those policies.

¶10    Therefore, having reviewed the record in this matter, we have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 internal operating rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record before us that Canal's appeal is without merit. The legal issues are clearly controlled by settled Montana law, which the District Court correctly interpreted.

¶11    Accordingly, the judgment of the District Court is affirmed.

/S/ JAMES C. NELSON

5

We Concur:

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE