DA 09-0236

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2009 MT 445N

STATE OF MONTANA,

        Plaintiff and Appellee,

    v.

ROBERT LEE DEESE, JR.,

        Defendant and Appellant.

| | |
|---|---|
| APPEAL FROM: | District Court of the Thirteenth Judicial District, In and For the County of Yellowstone, Cause No. DC 08-481 Honorable Susan P. Watters, Presiding Judge |

COUNSEL OF RECORD:

    For Appellant:

        Robin Amber Meguire; Attorney at Law, Great Falls, Montana

    For Appellee:

        Hon. Steve Bullock, Montana Attorney General; Matthew T. Cochenour, Assistant Attorney General, Helena, Montana

        Dennis Paxinos, Yellowstone County Attorney; Ed Zink, Deputy County Attorney, Billings, Montana

Submitted on Briefs:  November 12, 2009

Decided:  December 28, 2009

Filed:

_____
                             Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Robert Lee Deese, Jr. (Deese) appeals from a sentence condition imposed by the Thirteenth Judicial District Court, Yellowstone County, requiring him to "abide by a curfew as determined necessary and appropriate" by his probation officer. We affirm.

¶3 The issue on appeal is whether the District Court properly imposed a condition on Deese's sentence allowing a probation officer to set a discretionary curfew.

¶4 On the evening of April 7, 2008, Deese entered Brianna Moore's residence to sell drugs. Deese entered without permission and refused to leave. Deese fought with Moore's boyfriend and a gun was involved.

¶5 The State initially charged Deese with aggravated burglary and two counts of assault with a weapon. The parties eventually reached a plea agreement, under which the State amended the charges to a single count of felony burglary and Deese pled guilty. At sentencing, the parties agreed that a five-year commitment to the Department of Corrections was appropriate. Deese objected to several probation conditions recommended in a pre-sentence investigation report, including one condition requiring

2

that Deese abide by a curfew. The District Court agreed with Deese on several conditions, which the court struck from his sentence. However, the court did not strike the curfew condition, stating, "with regard to a curfew, I'll leave that in there, and that will be imposed at the discretion of your probation officer in order to facilitate supervision of you." Although Deese did not apply to the Sentence Review Division for appellate review of his felony sentence, Deese now appeals the condition imposing a discretionary curfew.

¶6     The authority to impose sentences for felony convictions lies within the exclusive power of the district courts. *See* § 46-18-103, MCA. The Legislature has provided the Sentence Review Division with the exclusive authority to review legally authorized felony sentences. Sections 46-18-901 through -905, MCA. This Court described the sentence review process in *Ranta v. State*, 1998 MT 95, ¶ 27, 288 Mont. 391, 958 P.2d 670:

> [The sentence review procedure] functions as an appellate process because it is the only opportunity a criminal defendant has to challenge an otherwise lawful sentence on equitable grounds. *See State v. Simtob* (1969), 154 Mont. 286, 288, 462 P.2d 873, 874. In conducting its review, the Sentence Review Division functions as an arm of this Court. Section 46-18-901, MCA. Were the legislature to abolish the review division, the function of reviewing sentences on equitable grounds would thus simply return to this Court. Additionally, like decisions issued directly by this Court, the decisions of the review division are final, cannot be appealed, and are reported in the Montana Reports. Section 46-18-905, MCA.

*See also State v. Triplett*, 2008 MT 360, ¶ 27, 346 Mont. 383, 195 P.3d 819. Deese's failure to avail himself of the statutorily proscribed sentence review procedure narrows the scope of our review here.

¶7 The traditional standard of review of sentences by this Court was for legality only. *State v. Montoya*, 1999 MT 180, ¶ 15, 295 Mont. 288, 983 P.2d 937. This Court has more recently expanded its review of challenges to probationary conditions to further inquire whether a particular condition "has a nexus to either the offense for which the offender is being sentenced, or to the offender himself or herself." *State v. Ashby*, 2008 MT 83, ¶ 15, 342 Mont. 187, 179 P.3d 1164.

¶8 Deese argues that the District Court illegally delegated its sentencing discretion by permitting a probation officer to impose a curfew. Deese cites *State v. Hatfield*, 256 Mont. 340, 346-47, 846 P.2d 1025, 1029 (1993), to support his contention that this Court has specifically rejected a district court's authority "to delegate sentencing discretion to a probation officer." However, in *Hatfield* this Court held that the district court erred by including a probation condition that gave the probation officer discretion to *incarcerate* the defendant for up to six months. 256 Mont. at 346, 846 P.2d at 1029. A discretionary curfew is not the same as discretionary incarceration.

¶9 Moreover, this Court recently determined that a curfew condition constitutes a legal condition. *Matter of D.A.S.*, 2008 MT 168, ¶ 13, 343 Mont. 360, 184 P.3d 349. This Court reasoned that a discretionary curfew could ensure that D.A.S. developed a consistent and healthy routine appropriate for youth offenders. *D.A.S.*, ¶ 13. The Court concluded that a curfew was reasonable given D.A.S.'s circumstances and the legislative intent of providing youth offenders with additional supervision. *D.A.S.*, ¶ 13. Deese attempts to distinguish *D.A.S.* by claiming that adult offenders do not need additional supervision or extra assistance developing a consistent routine to aid in their

4

rehabilitation. However, *D.A.S.* determined that a nearly identical curfew condition was legal. In addition to being a legal condition of probation, a curfew would allow Deese's probation officer to more effectively rehabilitate Deese and protect the victim and society from additional drug-related burglaries at night. Deese has committed multiple criminal offenses and admitted to being a drug dealer. The court imposed a curfew to facilitate supervision, much like in *D.A.S.* The District Court properly imposed a discretionary curfew on Deese.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions. It is manifest on the face of the briefs and the record that the appeal is without merit because the issues are clearly controlled by settled Montana law.

¶11 Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ JIM RICE
/S/ PATRICIA O. COTTER
/S/ JAMES C. NELSON
/S/ BRIAN MORRIS