JUSTICE LEAPHART
delivered the Opinion of the Court.
¶1 On October 16,1991, the Ravalli County Attorney filed an information in the Fourth Judicial District Court, Ravalli County, charging Gabriel Ingersoll (Ingersoll) with the following offenses: (1) possession of explosives, a felony; (2) criminal mischief, a felony; (3) three counts of criminal mischief, a misdemeanor; and (4) theft, a misdemeanor.
¶2 On February 14, 1992, the court issued its sentence and judgment, finding Ingersoll guilty of the charged offenses and deferring imposition of sentence three years each for possession of explosives, a felony, and criminal mischief, a felony, with the two deferred sentences to run consecutively for a total of six years. The court also deferred sentencing for six months for each of the four misdemeanor charges, to run consecutively for a total of twenty-four months, all of which were to run concurrently with the six-year deferred felony sentences. The court attached several conditions to the deferred sentences, including, among others, the requirement that Ingersoll pay $431.16 in restitution, a $70 surcharge fee, and $625.50 for the cost of his public defender.
¶3 On July 27,1995, the Ravalli County Attorney filed a petition for revocation of deferred sentence, alleging that Ingersoll had violated several conditions of his probation. Ingersoll admitted to the allegations in the petition for revocation. On December 6,1995, after a hearing, the District Court found that Ingersoll violated the terms and conditions of his probation and revoked his deferred sentences. The court then sentenced Ingersoll to ten years on each of the felonies and six months on each of the misdemeanors, all to be served concurrently.
¶4 Ingersoll subsequently applied to the Sentence Review Division of the Supreme Court of Montana for review of his sentence. The Sentence Review Division unanimously affirmed Ingersoll’s sentence.
¶5 Ingersoll filed a petition for postconviction relief, arguing that the District Court lacked statutory authority to impose either consecutive deferred imposition of sentences or to defer imposition of his *522 sentence in excess of three years. In ruling on Ingersoil’s petition for postconviction relief, the District Court concluded it did not have jurisdiction to revoke the deferred sentences for the four misdemeanor offenses and for the offense of possession of explosives, a felony, because those deferred sentences had already expired after three years. Accordingly, the court found that the revocation of those sentences was null and void.
¶6 The court further concluded that because Ingersoll had a financial obligation imposed as a condition of his deferred sentences, it had statutory authority under § 46-18-201(2), MCA (1989), to order the three-year deferred sentences on the two felonies to run consecutively for a total of six years. Therefore, the court concluded it had jurisdiction to revoke Ingersoll’s sentence on the second felony, criminal mischief. The court recognized that, by statutory definition, a.consecutive sentence does not begin to run until the sentence to which it is consecutive has been satisfied. The court therefore reasoned that Ingersoll’s second deferred sentence for criminal mischief did not start to run until the first deferred sentence for possession of explosives expired three years after entry of the sentence and judgment, approximately five and one-half months prior to the State’s filing its petition to revoke Ingersoll’s deferred sentences. Accordingly, the court found that the revocation of the deferred sentence for criminal mischief as well as the court’s imposition of sentence on that conviction was valid and enforceable.
¶7 Ingersoll filed a notice of appeal from the District Court’s order denying his petition for postconviction relief.
QUESTION PRESENTED
¶8 Did the District Court have authority to defer sentencing for Ingersoll’s felony conviction for criminal mischief for a period not exceeding six years?
DISCUSSION
¶9 The scope of a district court’s authority to defer imposition of sentence presents a legal issue. We review a district court’s conclusions of law to determine whether the court interpreted the law correctly. See Delaware v. K-Decorators, Inc., 1999 MT 13, ¶ 27, 293 Mont. 97, ¶ 27, 973 P.2d 818, ¶ 27 (citations omitted).
¶10 Ingersoll argues that a district court must have specific statutory authority in order to impose a sentence or any condition of sentence, relying on State v. Nelson, 1998 MT 227, ¶ 24, 291 Mont. 15, ¶ *523 24, 966 P.2d 133,¶ 24. He contends that the District Court’s authority to defer imposition of sentence is found in § 46-18-201, MCA (1989), and that that statutory provision does not authorize the court to run deferred imposition of sentences consecutively nor to aggregate deferred impositions for up to a total of six years.
¶11 The State contends that § 46-18-201, MCA (1989), allowed the District Court to defer imposition of sentence for a felony for a period not exceeding three years; and that under subsection (2), if any financial obligation is imposed as a condition of any felony sentence, the sentence may be deferred for a period not exceeding six years. Thus, the State argues that since a financial obligation was imposed as a condition of sentence, the District Comb had authority under subsection (2) to defer sentencing for the criminal mischief conviction for a total of six years.
¶12 We agree with the argument advanced by the State. Here, the court required Ingersoll to pay over $1,000 in restitution, surcharge fees, and repayment of attorney’s fees. Imposition of these financial obligations triggered the application of subsection (2) of § 46-18-201, MCA (1989). Although the statute did not speak in terms of having deferred imposition of sentences run consecutively, it did authorize deferring imposition of a felony sentence involving financial obligations for up to six years. Whether the district court (1) defers imposition of the felony for six years, or (2) defers it for three years — to ran consecutively after expiration of a three-year deferred sentence on another charge — makes no difference. In either case, the district court would have authority to act on a petition to revoke filed some three years, five months after entry of the judgment on February 14,1992. We uphold the decision of a district court, if correct, regardless of the lower court’s reasoning in reaching its decision. See State v. Hagan (1994), 265 Mont. 31, 36, 873 P.2d 1385, 1388- 89.
¶ 13 Furthermore, as the State points out, the fact that the court deferred each of the two felony sentences for three years, to ran consecutively, instead of ordering two six-year sentences to run concurrently, inured to Ingersoll’s benefit when his deferred sentence was revoked in November of 1995. As a result of this sentence structuring, the deferment on the possession of explosives charge had expired after three years, and he was then only subject to one felony conviction (criminal mischief) instead of two.
¶ 14 We hold that the District Court had statutory authority, as of February 14,1992, to impose a deferred sentence for up to six years for Ingersoll’s felony conviction for criminal mischief. Under Rule *524 5(b), M.R.App.P., Ingersoll had sixty days, or until April 14, 1992, to appeal the court’s statutory authority to impose such a sentence. Section 46-21-105(2), MCA, provides that when a petitioner has been afforded a direct appeal of the petitioner’s conviction, grounds for relief that could reasonably have been raised on direct appeal may not be raised in the original or amended petition. Ingersoll’s failure to appeal on or before April 14,1992, renders his claim procedurally barred in a postconviction proceeding. See, e.g., In re Evans (1991), 250 Mont. 172, 173, 819 P.2d 156, 157-58.
¶15 Affirmed.
CHIEF JUSTICE TURNAGE and JUSTICE REGNIER concur.