No. 01-351

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 74

STATE OF MONTANA

   Plaintiff/Respondent


  v.


TERRY GENE YOREK

   Defendant/Appellant.



APPEAL FROM:  District Court of the Twenty-First Judicial District,
       In and for the County of Ravalli,
       The Honorable Jeffrey H. Langton, Judge presiding.



COUNSEL OF RECORD:

   For Appellant:

     Terry Gene Yorek, Deer Lodge, Montana (*pro se*)

   For Respondent:

     Mike McGrath, Montana Attorney General, Ilka Becker, Assistant
   Montana Attorney General, Helena, Montana; George H. Corn,
     Ravalli County Attorney, Hamilton, Montana



          Submitted on Briefs: November 1, 2001

            Decided:  April 16, 2002

Filed:

    _____
         Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1   On January 2, 2001, Terry Yorek (Yorek) petitioned the Twenty-First Judicial District Court for postconviction relief following sentencing on a felony DUI, during which the court also designated Yorek a persistent felony offender. The District Court dismissed Yorek's petition, concluding that it had jurisdiction to impose the persistent felony offender designation, and that Yorek waived his claim that the court lacked jurisdiction to do so when he pled guilty. Yorek appeals from the dismissal of his petition for postconviction relief. We affirm.

¶2   The dispositive question presented is whether a district court possesses subject matter jurisdiction to impose a persistent felony offender designation upon a defendant being sentenced for felony DUI.

### FACTUAL AND PROCEDURAL BACKGROUND

¶3   On October 26, 1999, Yorek was charged by Information with Count I, DUI (seventh offense), a felony; Count II, driving with suspended or revoked license (second offense), a misdemeanor; Count III, disorderly conduct, a misdemeanor; and Count IV, criminal mischief, a misdemeanor. The following day, Yorek entered pleas of not guilty to all four counts.

¶4   On November 22, 1999, the State filed a Notice of Intent to Seek Persistent Felony Offender Status, based on Yorek's April 4, 1997 felony conviction in Texas for driving while intoxicated. Following plea negotiations, on December 22, 1999, Yorek signed an Open Plea

2

Agreement with the State. The agreement provided that the State intended to recommend Yorek "be sentenced to 15 years with 10 suspended for being a persistent felony offender, to run consecutively to the sentence received for crimes contained in the Information," and added that the State could also "recommend any conditions it deems appropriate for the Persistent Felony Offender sentence." On that same day, Yorek signed a Guilty Plea and Waiver of Rights form, and the District Court accepted his guilty pleas to all four counts as knowing and voluntary.

¶5      On February 2, 2000, the District Court sentenced Yorek. The court designated Yorek a persistent felony offender, sentencing him to Montana State Prison (MSP) for a period of fifteen years, with ten suspended. The court also sentenced Yorek to MSP for a period of thirteen months, followed by four years supervised probation for Count I, DUI, seventh offense. Yorek was sentenced to the Ravalli County Detention Center for six months on Count II, ten days on Count III, and six months for Count IV. The sentences were to run consecutive for a total of twelve months, ten days in the Ravalli County Detention Center, followed by six years and one month in MSP, followed by fourteen years of probation.

¶6      Yorek filed a *pro se* petition for postconviction relief on January 2, 2001, wherein he asserted claims of ineffective assistance of counsel and that the District Court lacked subject matter jurisdiction to impose a persistent felony offender sentence.

¶7      Although the State responded that Yorek's petition for postconviction relief was based on claims that were waived as a result of his guilty plea, it also acknowledged that a jurisdictional defect is not waived by a guilty plea. However, the State contended that the

3

District Court had jurisdiction to designate Yorek a persistent felony offender because the State satisfied the statutory requirements by filing notice of its intent to seek persistent felony offender status and providing the court with the relevant information concerning Yorek's previous April, 1997 felony conviction.

¶8 The District Court concluded that sentencing for DUI felonies is not solely governed by §§ 61-8-731 and 61-8-734, MCA, and noted there is nothing in the persistent felony offender statute, § 46-18-501, MCA, that excludes from its application offenders convicted of DUI violations. The court found the State properly satisfied its statutory burden by giving Yorek notice of its intent to seek the persistent felony offender status based on his 1997 felony conviction. The court concluded that it therefore possessed jurisdiction to sentence Yorek as a persistent felony offender, and that because Yorek's claim was nonjurisdictional, Yorek effectively waived the claim by pleading guilty.

¶9 Yorek appeals the District Court's dismissal of his petition for postconviction relief. Although Yorek raised the issue of ineffective assistance of counsel in his petition to the District Court, on appeal he challenges only the District Court's subject matter jurisdiction to declare him a persistent felony offender.

**STANDARD OF REVIEW**

¶10 We review a district court's denial of a petition for postconviction relief to determine whether its findings of fact are clearly erroneous and its conclusions of law correct. *State v. Charlo,* 2000 MT 192, ¶ 7, 300 Mont. 435, ¶ 7, 4 P.3d 1201, ¶ 7 (citation omitted).

**DISCUSSION**

4

**¶11   Does a district court possess subject matter jurisdiction to impose a persistent felony offender designation upon a defendant being sentenced for felony DUI?**

¶12   Yorek contends the District Court lacked the authority to designate him as a persistent felony offender following his felony DUI conviction because § 61-8-731, MCA, the felony DUI statute, contains no reference to the persistent felony offender provisions found at Title 46, Chapter 18, Part 5, Montana Code Annotated. The State argues that the District Court possessed subject matter jurisdiction to designate Yorek a persistent felony offender, based on § 46-18-501, MCA, which defines persistent felony offenders.

¶13   The State also argues that Yorek's claims are procedurally barred under § 46-21-105(2), MCA, contending that Yorek's guilty plea waived his right to direct appeal on his subject matter jurisdiction claim, thus barring him from raising the issue on postconviction relief. Yorek disagrees that he was procedurally barred, citing *State v. Moorman* (1996), 279 Mont. 330, 336, 928 P.2d 145, 149, where we concluded a defendant's designation as a dangerous offender was an issue of subject matter jurisdiction, and that the procedural bar under § 46-21-105, MCA, does not apply when the issue at hand is whether the sentencing court lacks subject matter jurisdiction to impose a particular sentence.

¶14   However, because the issue of whether the District Court possessed subject matter jurisdiction to impose the persistent felony offender designation on Yorek is dispositive, we need not address the District Court's ruling that Yorek's guilty plea procedurally barred him from bringing his claim.

¶15   The question of whether a district court possesses the authority to impose a sentence is a jurisdictional issue. *Moorman*, 279 Mont. at 336, 928 P.2d at 149 (court lacks subject

5

matter jurisdiction to impose a sentence without statutory authority, and a sentence imposed in absence of subject matter jurisdiction is void). It is well-established that a district court's authority to impose sentences in criminal cases is defined and constrained by statute. *State v. Nelson*, 1998 MT 227, ¶ 24, 291 Mont. 15, ¶ 24, 966 P.2d 133, ¶ 24 (citation omitted). Moreover, "a district court has no power to impose a sentence in the absence of specific statutory authority." *Nelson*, ¶ 24 (citing *State v. Hatfield* (1993), 256 Mont. 340, 346, 846 P.2d 1025, 1029; and *State v. Wilson*, 279 Mont. 34, 37, 926 P.2d 712, 714).

¶16 Yorek contends § 61-8-731, MCA, does not provide specific statutory authority for a district court to impose a persistent felony offender sentence on a defendant convicted of felony DUI. However, Yorek relies on the incorrect statutory provision.

¶17 A district court derives specific statutory authority for designation of persistent felony offender status from § 46-18-502, MCA. Section 46-18-501, MCA, defines "persistent felony offender" as:

> an offender who has previously been convicted of a felony and who is presently being sentenced for a second felony committed on a different occasion than the first. An offender is considered to have been previously convicted of a felony if:
>
> (1) the previous felony conviction was for an offense committed in this state or any other jurisdiction for which a sentence to a term of imprisonment in excess of 1 year could have been imposed;
>
> (2) less than 5 years have elapsed between the commission of the present offense and either:
> (a) the previous felony conviction; or
> (b) the offender's release on parole or otherwise from prison or other commitment imposed as a result of the previous felony conviction; and

6

(3) the offender has not been pardoned on the ground of innocence and the conviction has not been set aside in a postconviction hearing.

¶18     The persistent felony offender provision makes no distinction between or among the types of felonies to which it applies, nor does it exclude offenders convicted of DUI violations. Rather, if the underlying charge meets the definition of a felony, and the State has provided proper notice of its intent to seek persistent felony offender status under § 46-13-108, MCA, a district court possesses the statutory authority to designate and sentence a defendant as a persistent felony offender pursuant to § 46-18-502, MCA.

¶19     A felony is defined as "an offense in which the sentence imposed upon conviction is death or imprisonment in a state prison for a term exceeding 1 year." Section 45-2-101(22), MCA. Pursuant to § 61-8-731, MCA (1999), on the fourth or subsequent DUI conviction, a "person is guilty of a <u>felony</u>" and shall be imprisoned for a term of not less than six months or more than thirteen months (emphasis added).

¶20     Following his felony DUI conviction, Yorek was sentenced to MSP for thirteen months, with four years probation to follow. Thus Yorek's DUI conviction meets the definition of a felony, and the District Court therefore had the statutory authority to impose the persistent felony offender sentence upon Yorek.

¶21     We conclude Yorek falls squarely within the persistent offender statute, § 46-18-501, MCA. Yorek was, within the past five years, convicted of a felony and was currently being sentenced for a second felony committed on a different occasion than the first. Moreover, the State met its burden of providing notice of its intentions to Yorek, as well as supplying the

7

necessary information to the District Court to enable it to designate Yorek as a persistent felony offender.

¶22    We conclude the District Court possessed the subject matter jurisdiction to sentence Yorek as a persistent felony offender.  Accordingly, the District Court's dismissal of Yorek's petition for postconviction relief is affirmed.

/S/ PATRICIA COTTER

We Concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ TERRY N. TRIEWEILER
/S/ JIM RICE