No. 01-133

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 75

STATE OF MONTANA

       Plaintiff/Respondent

   v.

LARRY ALLEN PETTIJOHN

       Defendant/Appellant,

APPEAL FROM:    District Court of the Fourth Judicial District,
                    In and for the County of Missoula,
                    The Honorable Douglas G. Harkin, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

              Larry Allen Pettijohn, Deer Lodge, Montana (*pro se*)

       For Respondent:

              Mike McGrath, Montana Attorney General, Ilka Becker, Assistant Montana Attorney General, Helena, Montana; Fred R. Van Valkenburg, Missoula County Attorney, Karen Townsend, Deputy Missoula County Attorney, Missoula, Montana

Submitted on Briefs: October 25, 2001

Decided:  April 16, 2002

Filed:

_____
                  Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1     On September 12, 2000, Larry Pettijohn (Pettijohn), petitioned the Fourth Judicial District Court for postconviction relief when, following his guilty plea, he was sentenced to thirteen months for a felony DUI and ten years as a persistent felony offender.  The District Court dismissed his petition when it concluded Pettijohn was barred from petitioning for postconviction relief, and that he waived his right to direct appeal by pleading guilty. Pettijohn appeals the denial of his petition for postconviction relief.  We affirm.

¶2     The dispositive issue presented is whether a district court possesses subject matter jurisdiction to impose a persistent felony offender designation upon a defendant being sentenced for felony DUI.  We recently addressed this identical issue in *State v. Yorek*, 2002 MT 74, 309 Mont. 238, ___ P.3d ___.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3     On September 8, 1999, Pettijohn was charged with Count I, operating a motor vehicle while under the influence of alcohol, a fourth or subsequent offense, and Count II, failure to wear a seatbelt, a misdemeanor.  Pettijohn entered pleas of not guilty to both counts on September 13, 1999.

¶4     On September 17, 1999, the State filed a Notice of Intent to Seek Increased Punishment, advising that it would seek to have Pettijohn sentenced as a persistent felony offender, based on his two prior felony convictions (DUI, Fourth or Subsequent Offense and Bail Jumping) in February, 1998, in Missoula County.  The subsequent Omnibus

2

Memorandum, filed on September 27, 1999, also indicated the State's intention to seek increased punishment for Pettijohn as a persistent felony offender.

¶5     On November 5, 1999, Pettijohn signed a Plea of Guilty and Waiver of Rights form, which stated that the maximum penalty under the DUI count could include time for persistent felony offender designation.  On November 8, 1999, Pettijohn formally withdrew his guilty plea, and entered pleas of guilty, which the District Court accepted.

¶6     The District Court entered its sentence on January 5, 2000.  On Count I, Pettijohn was sentenced to thirteen months in Montana State Prison (MSP), followed by four years of supervised release, and to ten years in MSP as a persistent felony offender, with the sentences to run concurrent to each other.  The record is unclear as to Count II, which was presumably dismissed.

¶7     Pettijohn filed a *pro se* petition for postconviction relief on September 12, 2000, wherein he raised several issues, including the legality of the persistent felony offender sentence.  In its Response, the State argued Pettijohn was procedurally barred from raising his claims by § 46-21-105, MCA, because he failed to raise them on direct appeal.  The State also argued Pettijohn waived his right to postconviction relief when he pled guilty, and that the District Court correctly designated Pettijohn as a persistent felony offender, since the State provided proper notice of its intent to seek increased punishment and Pettijohn was eligible for such designation based on his prior felony convictions.

¶8     The District Court dismissed Pettijohn's petition for postconviction relief, noting that a defendant who knowingly and voluntarily waived his right to direct appeal from a conviction

3

is precluded from bringing a motion for postconviction relief. The District Court did not address the merits of Pettijohn's challenge that the imposition of persistent felony offender sentence was illegal. Pettijohn appeals the dismissal of his petition for postconviction relief.

## STANDARD OF REVIEW

¶9 We review a district court's denial of a petition for postconviction relief to determine whether its findings of fact are clearly erroneous and its conclusions of law correct. *State v. Charlo,* 2000 MT 192, ¶ 7, 300 Mont. 435, ¶ 7, 4 P.3d 1201, ¶ 7 (citation omitted).

## DISCUSSION

¶10 **Does a district court possess subject matter jurisdiction to impose a persistent felony offender designation upon a defendant being sentenced for felony DUI?**

¶11 Pettijohn argues that the District Court erred in concluding he was procedurally barred from bringing his petition for postconviction relief under § 46-21-105, MCA, citing *State v. Moorman* (1996), 279 Mont. 330, 336, 928 P.2d 145, 149, for the proposition that § 46-21-105, MCA, does not apply when the question presented is whether the sentencing court had subject matter jurisdiction to impose a particular sentence.

¶12 In *State v. Yorek,* under a similar factual scenario, we recently decided the identical issue presented by Pettijohn. Our holding in *Yorek* is dispositive of Pettijohn's appeal.

¶13 We concluded in *Yorek* that the District Court possessed statutory authority pursuant to § 46-18-502, MCA, to impose a persistent felony offender sentence on a person convicted of a felony DUI under § 61-8-731, MCA. *Yorek*, ¶ 22. Like the defendant in *Yorek*, Pettijohn falls squarely within the persistent felony offender statute, because, within the past

4

five years, Pettijohn was convicted of two other felonies and was currently being sentenced for a second felony committed on a different occasion than the first two. Moreover, the State provided proper notice to Pettijohn of its intent to seek imposition of a persistent felony offender sentence, pursuant to §§ 46-13-108 and 46-13-110(3)(g), MCA.

¶14 We conclude, based on our decision in *State v. Yorek*, that the District Court possessed statutory authority, and therefore had jurisdiction, to designate and sentence Pettijohn as a persistent felony offender, pursuant to § 46-18-502, MCA. Moreover, and as in *Yorek*, because our conclusion reaches the merits of Pettijohn's claims and is dispositive, we need not address whether Pettijohn's guilty plea effectively waived his right to appeal.

¶15 Although the District Court dismissed Pettijohn's petition based on a procedural bar, we will uphold a decision of the district court, if correct, regardless of the district court's reasoning in reaching its decision. *Ingersoll v. State,* 1999 MT 215, ¶ 12, 295 Mont. 520, ¶ 12, 986 P.2d 403, ¶ 12 (citation omitted). Therefore, the District Court's dismissal of Pettijohn's petition for postconviction relief is affirmed.


/S/ PATRICIA COTTER


We Concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ TERRY N. TRIEWEILER
/S/ JIM RICE

5