No. 02-084

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 132N

SHAWN K. SMAAGE,

        Petitioner and Appellant,

    v.

STATE OF MONTANA,

        Respondent and Respondent.

APPEAL FROM:    District Court of the Third Judicial District,
                      In and for the County of Powell,
                      The Honorable Ted L. Mizner, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                Shawn K. Smaage, *Pro Se*, Shelby, Montana

        For Respondent:

                Hon. Mike McGrath, Attorney General; Jennifer Anders,
                Assistant Attorney General, Helena, Montana

                Leo Gallagher, Lewis and Clark County Attorney; Mike Menahan,
                Deputy County Attorney, Helena, Montana

                          Submitted on Briefs:  May 30, 2002

                                   Decided:  June 18, 2002

Filed:

_____
                          Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Shawn K. Smaage (Smaage), appearing pro se, appeals from the order entered by the Third Judicial District Court, Powell County, dismissing his petition for postconviction relief. We affirm.

¶3 The dispositive issue on appeal is whether the sentencing court had subject matter jurisdiction to designate Smaage a persistent felony offender upon his conviction for driving under the influence (DUI), fourth or subsequent offense.

## BACKGROUND

¶4 In May of 2000, Smaage pled guilty to DUI, fourth or subsequent offense. In September of 2000, Smaage was sentenced to thirteen months for the DUI conviction, and designated a persistent felony offender, for which he received a consecutive forty-year sentence with twenty years suspended.

¶5 Smaage petitioned the District Court for postconviction relief in March of 2001, arguing that the sentencing court lacked jurisdiction to designate him a persistent felony offender and that his counsel provided ineffective assistance by failing to raise that issue.

2

The State of Montana (State) responded and, in October of 2001, the District Court dismissed Smaage's petition for postconviction relief. Smaage appeals.

## STANDARD OF REVIEW

¶6 We review a district court's denial of a petition for postconviction relief to determine whether its findings of fact are clearly erroneous and its conclusions of law are correct. *State v. Yorek*, 2002 MT 74, ¶ 10, 309 Mont. 238, ¶ 10, 45 P.3d 872, ¶ 10 (citation omitted).

## DISCUSSION

¶7 Did the sentencing court have subject matter jurisdiction to designate Smaage a persistent felony offender upon his conviction for DUI, fourth or subsequent offense?

¶8 The District Court concluded Smaage was procedurally barred from raising subject matter jurisdiction and also determined, on the merits, that the persistent felony offender designation was appropriate. Smaage contends the District Court erred in both regards. The State relies on *Yorek*, and *State v. Pettijohn*, 2002 MT 75, 309 Mont. 244, 45 P.3d 870, in arguing that the sentencing court had subject matter jurisdiction to designate Smaage a persistent felony offender. Because the subject matter jurisdiction question is dispositive, we need not address the District Court's conclusion that Smaage was procedurally barred from bringing his claim. *See Yorek*, ¶ 14; *Pettijohn*, ¶ 14.

¶9 Smaage contends § 61-8-731, MCA, controls the penalties available on a fourth or subsequent DUI conviction and it fails to refer to § 46-18-501, MCA, which defines a persistent felony offender. We recently rejected his arguments.

¶10 In *Yorek* and *Pettijohn,* the defendants had been convicted of a fourth or subsequent DUI offense. We held the sentencing court had statutory authority and, therefore, subject

3

matter jurisdiction to designate and sentence the defendants as persistent felony offenders. *Yorek,* ¶ 22; *Pettijohn*, ¶ 14. In *Yorek*, we expressly concluded, "if the underlying charge meets the definition of a felony, and the State has provided proper notice of its intent to seek persistent felony offender status under § 46-13-108, MCA, a district court possesses the statutory authority to designate and sentence a defendant as a persistent felony offender pursuant to § 46-18-502, MCA." *Yorek*, ¶ 18.

¶11  It is well-established that a district court's authority to impose sentences in criminal cases is defined and constrained by statute. *Yorek,* ¶ 15 (citation omitted). Indeed, a district court has no power to impose a sentence in the absence of specific statutory authority. *Yorek*, ¶ 15 (citations omitted). Here, Smaage contends § 61-8-731, MCA, does not specifically provide any mechanism whereby the sentencing court can designate him a persistent felony offender. Smaage, however, fails to acknowledge § 46-18-502, MCA, which provides specific statutory authority to the sentencing courts to designate a defendant a persistent felony offender if he or she falls within the § 46-18-501, MCA, definition.

¶12  Section 46-18-501, MCA, defines "persistent felony offender" as:

> [A]n offender who has previously been convicted of a felony and who is presently being sentenced for a second felony committed on a different occasion than the first. An offender is considered to have been previously convicted of a felony if:
>     (1) the previous felony conviction was for an offense committed in this state or any other jurisdiction for which a sentence to a term of imprisonment in excess of 1 year could have been imposed;
>     (2) less than 5 years have elapsed between the commission of the present offense and either:
>     (a) the previous felony conviction; or
>     (b) the offender's release on parole or otherwise from prison or other commitment imposed as a result of the previous felony conviction; and

4

(3) the offender has not been pardoned on the ground of innocence and the conviction has not been set aside in a postconviction hearing.

The District Court noted in its order of dismissal that Smaage had been released on parole from a 10-year sentence approximately two months before he was charged with the instant felony DUI. Thus, Smaage fell squarely within the definition of a persistent felony offender pursuant to § 46-18-501, MCA.

¶13 Section 61-8-731, MCA, states that a person convicted of a fourth or subsequent DUI offense is guilty of a felony. The evidence of record indicates that Smaage admitted he was guilty of fourth or subsequent offense DUI, and he does not dispute that the State provided proper notice of its intent to designate him a persistent felony offender. Therefore, pursuant to our holding in *Yorek,* the sentencing court had the statutory authority to designate and sentence Smaage as a persistent felony offender pursuant to § 46-18-502, MCA. *Yorek,* ¶ 18.

¶14 We hold the sentencing court had subject matter jurisdiction to designate Smaage a persistent felony offender upon his felony conviction for DUI, fourth or subsequent offense. Therefore, we further hold that the District Court did not err in dismissing Smaage's petition for postconviction relief.

¶15 Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ TERRY N. TRIEWEILER
/S/ JIM REGNIER
/S/ JAMES C. NELSON

5

/S/ W. WILLIAM LEAPHART