JUSTICE NELSON
dissents.
¶65 I concur in our decision as to Issue Two; I join Justice Cotter’s dissent as to Issue One; and I dissent from our decision in Issue Three.
¶66 As to this final issue, the Court concludes that the District Court possessed authority to designate and sentence Damon as a persistent felony offender (PFO) pursuant to §46-18-502, MCA (2001). The Court relies on our decisions in State v. Yorek, 2002 MT 74, 309 Mont. 238, 45 P.3d 872, and State v. Pettijohn, 2002 MT 75, 309 Mont. 244, 45 P.3d 870. I disagree with the Court’s decision. Neither Yorek nor Pettijohn are authority for our decision.
¶67 It is well established in Montana that a district court has no power to impose a sentence in the absence of specific statutory authority. State v. Hatfield (1993), 256 Mont. 340, 346, 846 P.2d 1025, 1029; State v. Nelson, 1998 MT 227, ¶ 24, 291 Mont. 15, ¶ 24, 966 P.2d 133, ¶ 24.
¶68 In the case at bar, Damon’s offense was committed on December 8, 2002. We have held that the law in effect at the time of the commission of a crime controls as to the possible sentence. State v. Stevens (1995), 273 Mont. 452, 455, 904 P.2d 590, 592 (citing State v. Azure (1978), 179 Mont. 281, 282, 587 P.2d 1297,1298). Therefore, in this case, the 2001 version of the Montana Code Annotated sentencing statutes are applicable to Damon’s sentence.
¶69 In 1999, the DUI sentencing statute, §61-8-731, MCA, provided that a defendant convicted of a felony DUI be sentenced to between six and thirteen months of imprisonment, with no possibility of a suspension of sentence or parole in the first six months, to be followed by one to four years of probation. This statute did not cross-reference the general criminal sentencing statutes, except to provide reference to conditions the court could impose during the probationary period. *295 This statute did not make any reference to the PFO statute. In Yorek, where the 1999 version of the DUI sentencing statute governed, we held that the Defendant could be sentenced as a PFO, even though his underlying felony was a DUI. Yorek, ¶ 22. In doing so, we held that a district court derives specific authority in a felony DUI case for designation of a PFO status from §46-18-501 and 502, MCA (1999). Yorek, ¶ 17. Further, we explained that the 1999 PFO statutory provisions did not make a distinction between the types of felonies to which they apply and did not exclude offenders convicted of DUI violation. Yorek, ¶ 18.
¶70 In Pettijohn, where the 1999 version of the DUI sentencing statute also governed, we relied on Yorek in reaching the same conclusion. Pettijohn, ¶¶ 11-14.
¶71 Subsequent to commission of the offenses at issue in Yorek and Pettijohn, the 2001 Legislature changed the DUI sentencing statute. Although § 61-8-731, MCA (2001), still declared that a fourth or subsequent DUI was a felony, contrary to the 1999 statute, the 2001 statute provided that
the person is guilty of a felony and shall be punished by:
(a) sentencing the person to the department of corrections for placement in an appropriate correctional facility or program for a term of 13 months. The court shall order that if the person successfully completes a residential alcohol treatment program operated or approved by the department of corrections, the remainder of the 13-month sentence must be served on probation. The imposition or execution of the 13-month sentence may not be deferred or suspended, and the person is not eligible for parole.
(b) sentencing the person to either the department of corrections or the Montana state prison or Montana women’s prison for a term of not more than 5 years, all of which must be suspended, to run consecutively to the term imposed under subsection (l)(a);....
Section 61-8-731, MCA (2001) (emphasis added).
¶72 It is blackletter law that in the construction of a statute, the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted. Section 1-2-101, MCA.
¶73 Under the plain language of §61-8-731(l)(a) and (b), MCA (2001), the Legislature intended to replace the mandatory imprisonment provision of the 1999 statute with a provision allowing for alcohol treatment by way of a program operated or approved by the *296 Department of Corrections. Additionally, the Legislature specified that if the convicted person completes the specified alcohol treatment program, then the remainder of his or her DUI sentence must be served on probation. Further, any sentence beyond the thirteen month sentence can not be more than five years, must be suspended, and must run consecutively to the thirteen month sentence.
¶74 While the 2001 statute does not reference the PFO statutes, the Legislature did change the 2001 statute to specifically include other sections of the criminal sentencing statutes. Section 61-8-731(6), MCA (2001), specifically states that the provisions of § 46-18-203, MCA (2001) (dealing with revocation of a suspended or deferred sentence); § 46-23-1001 through § 46-23-1005, MCA (2001) (dealing with the supervision of probationers and parolees); § 46-23-1011 through § 46-23-1014, MCA (2001) (further dealing with the supervision of probationers, and dealing with arrest for probation violations); and §46-23-1031, MCA (2001) (dealing with a probationer having to pay supervision fees while on probation), apply to persons sentenced pursuant to §61-8-731, MCA (2001).
¶75 Furthermore, a review of the legislative history makes it clear that the Legislature did not intend for persons convicted of DUIs committed on or after July 1, 2001 (the effective date of the 2001 changes), to be incarcerated for long periods of time. Senator Lorents Grosfield sponsored the changes in the DUI sentencing statute with the goal of reducing recidivism of offenders by having such persons attend treatment programs rather than undergo more incarceration in prison. Senate Judiciary Comm. Minutes, Feb. 19, 2001; House Judiciary Comm. Minutes, March 28, 2001.
¶76 Additionally, proponents of amending the statute included the health services manager from the Department of Corrections and the Montana Medical Association. Senate Judiciary Comm. Minutes, Feb. 19, 2001.
¶77 Finally, the preamble to Chapter 417, Laws of Montana 2001, provided as follows:
WHEREAS, the incidence of fourth or subsequent convictions for driving under the influence of alcohol has not abated despite the threat of imprisonment; and
WHEREAS, alcoholism may be treatable with the appropriate level of intensive therapeutic programming; and
WHEREAS, a program of intensive residential alcohol treatment may reduce recidivism by persons who drive under the influence of alcohol.
*297 THEREFORE, the Legislature finds that it is in the interests of public health and safety to establish a residential alcohol treatment program.
This preamble demonstrates that the Legislature intended to provide treatment for persons convicted of DUIs, and not extended imprisonment.
¶78 It is well established that when the Legislature amends a statute we presume that the Legislature meant to make some change in the existing law. State ex rel. Mazurek v. District Court of the Twentieth Judicial District, 2000 MT 266, ¶ 18, 302 Mont. 39, ¶ 18, 22 P.3d 166, ¶ 18; Mitchell v. Banking Corp. of Mont. (1933), 95 Mont. 23, 27, 24 P.2d 124, 125.
¶79 Under the 1999 version of § 61-8-731, MCA, as interpreted in Yorek and Pettijohn, a person could be declared a PFO for felony DUI, and the 1999 version of the statute provided for mandatory imprisonment of such an offender. To the contrary, however, the 2001 amendment abolished the provision for mandatory imprisonment, replacing it with a provision that allowed for treatment as an alternative to imprisonment. Under the rules of statutory construction, we must honor the Legislature’s decision to substantially revise § 61-8-731, MCA, rather than blindly adhering to our previous interpretation which was rendered when this statute contained altogether different language. We must recognize the Legislature’s manifest preference for alcohol treatment. Declaring Damon a PFO does not honor that legislative preference, and, indeed, flies in the face of the Legislature’s stated intention in amending the statute in 2001.
¶80 While the Court pays passing deference to the rules of statutory construction, it ignores one of the most fundamental of these rules. Section 1-2-102, MCA, provides:
Intention of the legislature - particular and general provisions. In the construction of a statute, the intention of the legislature is to be pursued if possible. When a general and particular provision are inconsistent, the latter is paramount to the former, so a particular intent will control a general one that is inconsistent with it.
As pointed out above, the 2001 Legislature clearly intended that persons convicted of felony DUI be treated, rather than punished with long prison terms. Nothing could be clearer from the preamble and legislative history of § 61-8-731(l)(a) and (b), MCA (2001). The Legislature’s intent derived from its discovery that long prison terms and the threat thereof had been and were not effective in dealing with *298 recidivist DUI offenders.
¶81 Our rationale, expressed in ¶¶ 39 and 40, ignores this clear legislative intent. Contrary to what the Legislature had in mind, we conclude that lengthy incarceration under the PFO statute should trump treatment. We offer no principled basis why the Legislature’s clear intent should not, here, b e pursued if possible as §1-2-102, MCA, requires. Indeed, the Court turns the first sentence of §1-2-102, MCA, on its head. We make no attempt to pursue the Legislature’s intent. Rather, we simply substitute our own.
¶82 In like fashion, the Court summarily rejects Damon’s argument that the specific DUI sentencing statute controls over the general PFO statute, thereby ignoring the balance of §1-2-102, MCA. Nonetheless, this argument is sound because the imprisonment provisions of these two statutes are in direct conflict with each other.
¶83 The PFO sentencing statute mandates that when a district court requires a PFO to serve time in prison, the time of imprisonment must not be less than five years. Section 46-18-502(1), MCA (2001). Further, the statute specifies that this minimum five year term of imprisonment may not be deferred or suspended. Section 46-18-502(3), MCA (2001). The applicable DUI sentencing statute, however, mandates that when a district court hands down a prison sentence pursuant to a defendant’s fourth or subsequent conviction, that sentence must be exactly thirteen months. Section 61-8-731(l)(a), MCA (2001). Further, a portion of this thirteen month sentence may be served on probation if the repeat DUI offender successfully completes a specified alcohol treatment program. Section 61-8-731(l)(a), MCA (2001). Finally, this statute also mandates that the district court impose a sentence of five years-all of which time must be suspended. Section 61-8-731(l)(b), MCA (2001). Thus, the plain language of the DUI sentencing statute directly conflicts with the plain language of the PFO sentencing statute. Moreover, as noted above, the legislative purpose and spirit behind each statute are in direct conflict. In place of extended prison sentences, the DUI sentencing statute provides for treatment based on legislative acknowledgment that the threat of imprisonment has failed to deter DUIs.
¶84 As the blackletter law requires, when a general statute and a specific statute are inconsistent, the specific statute must govern, so that a specific legislative directive will control over an inconsistent general provision. State v. Feight, 2001 MT 205, ¶ 21, 306 Mont. 312, ¶ 21, 33 P.3d 623, ¶ 21 (citing In re Marriage of Jones (1987), 226 Mont. 14, 16, 736 P.2d 94, 95). In Feight, we stated:
*299 [I]t is a well-settled rule of statutory construction that the specific prevails over the general. A particular statutory intent controls over a general one which is inconsistent with it. Section 1-2-102, MCA. Further, when two statutes deal with a subject, one in general and comprehensive terms, and the other in minute and more definite terms, the more definite statute will prevail to the extent of any opposition between them.
Feight, ¶ 21.
¶85 The specific statute is §61-8-731, MCA (2001), because it applies only to felony DUIs. The PFO statute, §46-18-502, MCA (2001), is the general statute because it applies to unspecified felonies. Applying this rule of law here, we must conclude that pursuant to §61-8-731, MCA (2001), Damon could not be sentenced to more than thirteen months of imprisonment. Thus, enhancinghis sentence under the PFO statute is patently illegal under the 2001 version of the Montana Code Annotated sentencing statutes.
¶86 Finally, neither Yorek or Pettijohn control the disposition of the case at bar. Even though both decisions were handed down prior to the commission of Damon’s offense on December 8, 2002 Yorek and Pettijohn were decided April 16, 2002) both Yorek and Pettijohn committed their offenses under the 1999 version of the statute. Yorek, ¶ 3; Pettijohn, ¶ 3. Both cases were decided under the 1999 version of the statute and not the 2001 version of the statute. Yorek, ¶ 19; Pettijohn, ¶ 12. Both cases were correctly decided on the basis of the 1999 version of the Montana Code Annotated. But, the law changed in 2001, rendering our decisions inapposite for offenses and sentences under the amended law. The Court’s decision here refuses to recognize that.
¶87 Based on the foregoing, I would hold that the District Court lacked the legal authority to sentence Damon as a PFO under the 2001 version of §61-8-731, MCA, and that, therefore, the District Court’s sentence was illegal and must be vacated. I would reverse Damon’s sentence and remand with instructions that the District Court re-sentence him in accordance with §61-8-731, MCA (2001).
¶88 I dissent from our failure to do so.
JUSTICE COTTER joins in the dissent of JUSTICE NELSON.