JUSTICE WARNER
concurs.
¶33 I agree that Brendal’s sentence should be affirmed. However, I disagree with the Court’s analysis.
*407 ¶34 In my view, the alternative sentencing authority statute does not override the mandatory language of the persistent felony offender statute and only provides an alternative when a person is not designated a persistent felony offender. The plain, mandatory language of the persistent felony offender statute reveals a legislative intent to sentence individuals more strictly who repeatedly commit felonies within a given time period. The legislature contemplated exceptions, as provided by the persistent felony offender statutes, however, none of the exceptions apply to Brendal’s situation.
¶35 I agree with the District Court that when an offender is designated a persistent felony offender and meets the statutory criteria, the court is bound to sentence under the persistent felony offender statute. Once the State files its notice that it is seeking a persistent felony offender designation, the defendant has the opportunity to object to the allegations and the court determines if the allegations are true. If the allegations are true, the “accused must be sentenced as provided by law.” Section 46-13-108(3), (4), MCA. The persistent felony offender statute provides, “[A] persistent felony offender shall be imprisoned ....’’Section 46-18-502(1), MCA. This language removes the district court’s sentencing discretion once a defendant is designated a persistent felony offender and precludes it from considering alternative sentences. As we have explained in our prior cases, that once a person is designated a persistent felony offender, all of the other sentencing statutes are superseded by §46-18-502, MCA, because the persistent felony offender statute does not make a distinction between the types of felonies to which it applies. See State v. Damon, 2005 MT 218, ¶ 39, 328 Mont. 276, 119 P.3d 1194; State v. Yorek, 2002 MT 74, ¶ 18, 309 Mont. 238, 45 P.3d 872 (followed in State v. Pettijohn, 2002 MT 75, ¶¶ 12-14, 309 Mont. 244, 45 P.3d 870).
¶36 The Court should not strain so mightily to harmonize §45-9-202, MCA, the alternative sentencing authority statute, with the persistent felony offender statutes-they are written to dove-tail each other. The scheme is meant to be simple. When an offender is designated a persistent felony offender, §45-9-202, MCA, is superseded and he or she is sentenced -under §46-13-108(3), (4), MCA.
¶37 I concur with the result, but would affirm Brendal’s sentence on different grounds.
JUSTICE RICE joins in the foregoing concurrence.