JUSTICE NELSON,
concurring in part and dissenting in part.
¶36 For the reasons explained below, I concur in the Court’s ultimate resolution of Issues 1, 2, and 3 but dissent as to Issue 4. I also write separately to address the State’s arguments regarding our standards of review and conflicting caselaw.
Issue 1
¶37 I agree that the District Court’s determination of the amount of restitution was not clearly erroneous. Opinion, ¶ 22. But there is more *106 to be said about our review of this issue. Specifically, the State points out that we have reviewed the measure of restitution as a question of law in some cases, see e.g. State v. Good, 2004 MT 296, ¶ 11, 323 Mont. 378, 100 P.3d 644; State v. Mikesell, 2004 MT 146, ¶ 14, 321 Mont. 462, 91 P.3d 1273, and as a factual matter in other cases, see e.g. State v. Workman, 2005 MT 22, ¶ 9, 326 Mont. 1, 107 P.3d 462; State v. Heath, 2004 MT 126, ¶ 13, 321 Mont. 280, 90 P.3d 426. The State argues that we should review a district court’s determinations regarding the amount of restitution under the latter approach, and I tend to agree. Of course, whether the district court correctly interpreted the requirements of the restitution statutes is always a question of law, which we review de novo. See State v. Dunning, 2008 MT 427, ¶ 22, 347 Mont. 443, 198 P.3d 828 (“A trial court’s statutory interpretation presents a question of law that we review to determine whether it is correct.”). But any factual findings underlying the restitution award should be reviewed to determine whether they are clearly erroneous. Heath, ¶ 13.
¶38 The Court apparently agrees, see Opinion, ¶¶ 12,22, but does not acknowledge the cases which stand for a different standard of review.[1] In my view, those cases (e.g., Good and Mikesell) should be expressly overruled on this narrow point so as to eliminate any further confusion and inconsistency in our caselaw. The State has properly raised and briefed the conflict, and we should respond accordingly.
Issue 2
¶39 The State points out that in light of this Court’s decisions in State v. Ashby, 2008 MT 83, 342 Mont. 187, 179 P.3d 1164, and State v. Nelson, 2008 MT 359, 346 Mont. 366, 195 P.3d 826, It is unclear whether this Court reviews expressly authorized conditions for legality only or for legality and abuse of discretion.” The State also notes that we have articulated two different meanings of “abuse of discretion” in relation to sentencing challenges. Under Ashby and State v. Stiles, 2008 MT 390, 347 Mont. 95, 197 P.3d 966, a court abuses its discretion *107 if it imposes a condition which lacks a nexus to either the offense or the offender. See Stiles, ¶¶ 10,13. But under Nelson, a court abuses its discretion if it acts arbitrarily without the employment of conscientious judgment or exceeds the bounds of reason, resulting in substantial injustice. See Nelson, ¶ 20.
¶40 The State’s lack of certainty in this regard is not surprising.[2] See Stiles, ¶¶ 19-50 (Nelson, J., concurring in part and dissenting in part). Having detailed my disagreement with the Court’s analysis in Stiles, I will not repeat those arguments here. I simply note that in the present case, the Court observes that the firearm restriction was imposed under the legislative authority of §46-18-202(l)(b), MCA, and then reviews the restriction for abuse of discretion. Opinion, ¶¶ 26-27. In so doing, the Court signals that a defendant’s failure to object to such a condition in a future case will preclude our review of that condition on appeal. See Stiles, ¶¶ 13-14.
¶41 With respect to the State’s second point, however, the Court applies Nelson’s “arbitrariness” definition of “abuse of discretion,” as opposed to Ashby’s “nexus” definition, and thus asks whether the District Court acted arbitrarily without the employment of conscientious judgment or exceeded the bounds of reason when it imposed the firearm restriction. Opinion, ¶¶ 14,26.1 could agree with this approach if it weren’t for the fact that in Stiles, the Court decided that the nexus analysis is what we use to determine whether a district court abused its discretion in imposing a sentencing condition. Stiles, ¶ 13. Given that holding, the Court’s approach here is only bound to create more confusion regarding this Court’s review of sentencing conditions. Indeed, the Attorney General’s office has pointed out that our law in this area is muddled precisely because we have been employing two different definitions of “abuse of discretion” when reviewing conditions of sentence. Yet, rather than resolve the inconsistency in accordance with Stiles by applying the nexus test, the Court instead perpetuates and, worse, aggravates the confusion.
¶42 To begin with, the Court asserts that if the condition was “specifically authorized by statute,”then the nexus test does not apply. *108 Opinion, ¶¶ 14, 26. But this proposition resolves nothing, as all conditions of sentence must be “specifically authorized by statute.” See State v. Hicks, 2006 MT 71, ¶ 41, 331 Mont. 471, 133 P.3d 206 (“A district court’s authority in sentencing a criminal defendant is defined and constrained by statute, and the court has no power to impose a sentence in the absence of specific statutory authority.”). Next, the Court asserts that Ashby’s nexus test does not apply in the present case; rather, “the imposition of this condition is reviewed for abuse of discretion.” Opinion, ¶ 26. But this proposition is self-contradictory, as we have held that sentencing conditions are reviewed for abuse of discretion using the nexus test. Stiles, ¶ 13. The Court cites State v. McLaughlin, 2009 MT 211, ¶ 9, 351 Mont. 282, 210 P.3d 694, in support of its approach. However, McLaughlin is not even a sentencing case; rather, it involves the admissibility of evidence and jury instructions. See McLaughlin, ¶¶ 9-10. Lastly, the Court concludes that the District Court did not abuse its discretion because restricting Essig’s ownership, possession, and control of firearms was “necessary to obtain the objectives of rehabilitation and the protection of the victim and society.” As we explained in Ashby, however, we use the nexus test to determine whether a condition is “necessary to obtain the objectives of rehabilitation and the protection of the victim and society.” Ashby, ¶¶ 9, 14-15; accord Stiles, ¶¶ 13-14.
¶43 The Court’s decision in State v. Hernandez, 2009 MT 341, 353 Mont. 111, 220 P.3d 25, makes matters even worse-and in this regard, I agree with Justice Cotter’s dissent in that case. The Court again asserts that the nexus requirement does not apply to conditions which are “authorized by statute and rule.” Hernandez, ¶ 6. It follows from this that the nexus requirement applies only to conditions that are not authorized by statute and rule. Yet, no such conditions could ever exist. Hicks, ¶ 41. Thus, the Court appears to render the'nexus requirement a nullity. The Court then goes on to hold that a standard condition adopted by the Department of Corrections (DOC) and imposed by the district court will be reviewed for arbitrariness. Hernandez, ¶ 7.
¶44 Consequently, if one were to attempt to summarize our review of sentences under Ashby, Stiles, Hernandez, McLaughlin, and the present case, it would be this: All conditions that are authorized by statute or rule, are reviewed under McLaughlin’s arbitrariness standard, and conversely all conditions that are not authorized by statute or rule are reviewed under Ashby’s nexus test. Opinion, ¶¶ 14, 26; Hernandez, ¶¶ 6-7. Furthermore, should the need ever arise to *109 determine whether a condition is ““necessary to obtain the objectives of rehabilitation and the protection of the victim and society,” we may employ either of two methods: We may review the condition under McLaughlin’s arbitrariness standard, Opinion, ¶¶ 14,26-27, orwemay review it for compliance with Ashby’s nexus requirement, Stiles, ¶¶ 13-14. It appears that the choice is ours to make on an ad hoc basis. Or, perhaps now we have three layers of analysis: first, legality; second arbitrariness; third, nexus. If the Attorney General was unclear before, he will certainly be baffled now.
¶45 This state of affairs is untenable. Prior to rendering our decision in Ashby, we spent months deliberating how we would review conditions of sentence. We settled on the nexus requirement for all conditions. Ashby, ¶¶ 9,15. The Court subsequently clarified in Stiles that the approach articulated in Ashby “effectively places the nexus analysis under the second inquiry-whether the district court abused its discretion.” Stiles, ¶ 13. The Court’s decisions here and in Hernandez, however, render the future application of the nexus test uncertain. The Court has set us back at square one and, moreover, has created a situation in which sentencing courts and DOC have unfettered discretion to impose whatever conditions they want and this Court may pick and choose whatever standard it wants to employ in reviewing those conditions.
¶46 Section 46-18-202(1), MCA, requires all of the conditions listed in subsections (l)(a) through (l)(f)-including the firearm restriction authorized by subsection (l)(b)-feo be “necessary”for rehabilitation and the protection of the victim and society. The Court held in Stiles that the abuse of discretion prong of our two-pronged standard of review (1. legality + 2. abuse of discretion) requires application of the nexus test to conditions imposed under subsection (l)(f). See Stiles, ¶¶ 13-14. I see no reason, and the Court offers none, for adopting a different meaning of “abuse of discretion” for conditions imposed under subsection (l)(b). The nexus requirement is intended to apply to all conditions a court imposes upon a sentence. It is easily understood, and we have ample caselaw interpreting and applying the requirement. For sake of clarity, we should use that test and not manufacture different definitions of “abuse of discretion” for purposes of reviewing different sentencing conditions.
¶47 Turning now to the merits of Issue 2, Essig has shown herself to be impulsive, vengeful, and a loose cannon. She is very familiar with firearms and was convicted of a concealed-weapons offense severál years ago. And I agree with the Court that the instant offenses were *110 of a “threatening nature.” Opinion, ¶ 27. Thus, I would hold that there is a nexus between the firearm restriction on one hand, and Essig herself and the circumstances of her offenses on the other. The record fully supports the District Court’s determination that restricting Essig’s possession and use of firearms is “necessary to obtain the objectives of rehabilitation and the protection of the victim and society.” Section 46-18-202(1), MCA.
Issue 3
¶48 Essig attempts to invoke State v. Lenihan, 184 Mont. 338, 343, 602 P.2d 997, 1000 (1979), and this Court’s inherent power of plain error review, see State v. West, 2008 MT 338, ¶ 23, 346 Mont. 244, 194 P.3d 683, in order to obtain review of the alcohol condition to which she did not object in the District Court. Yet, Essig fails to make a “plausible” allegation that under existing law, this condition is illegal for Lenihan purposes. See State v. Kotwicki, 2007 MT 17, ¶ 18, 335 Mont. 344,151 P.3d 892. Likewise, with respect to plain error review, Essig fails to make the required “threshold showing” that our failing to review the alcohol condition “may result in a manifest miscarriage of justice, may leave unsettled the question of the fundamental fairness of the trial or proceedings, or may compromise the integrity of the judicial process.” See West, ¶ 23. For these reasons, I agree with the Court’s decision not to review this condition under either of these exceptions to the timely-objection rule. ■
Issue 4
¶49 Lastly, I maintain the view that sentencing courts do not have the authority to stack deferred impositions of sentence. See Ingersoll v. State, 1999 MT 215, ¶¶ 23-30, 295 Mont. 520, 986 P.2d 403 (Nelson, Trieweiler, & Hunt, JJ., dissenting). Thus, I cannot agree with the Court’s conclusion under Issue 4 that the District Court did not err in ordering Essig1 s five deferred sentences to run consecutively.
¶50 For the foregoing reasons, I concur in part and dissent in part.
JUSTICE COTTER joins in the Concurrence and Dissent of JUSTICE NELSON.

 Prior to Stiles, we used the nexus test to review a sentencing condition for legality and the arbitrariness test to review the condition for abuse of discretion. See Stiles, ¶¶ 26-37 (Nelson, J., concurring in part and dissenting in part); State v. Brotherton, 2008 MT 119, ¶¶ 10, 24, 342 Mont. 511, 182 P.3d 88; State v. Herd, 2004 MT 85, ¶¶ 17, 24-25, 320 Mont. 490, 87 P.3d 1017. In Stiles, however, the Court held that we use the nexus test to review a sentencing condition for abuse of discretion, Stiles, ¶ 13, thereby creating the apparent conflict identified by the State here.